**AMERICAN PUBLIC GAS ASSOCIATION, et al., Petitioners,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

**No. 76–1694.**

United States Court of Appeals, District of Columbia Circuit.

Argued Aug. 5, 1976.

Decided Aug. 9, 1976.

Before FAHY, Senior Circuit Judge, and LEVENTHAL and ROBINSON, Circuit Judges.

## ORDER

On consideration of petitioners' petition for emergency stay and papers filed in support thereof, respondent's opposition thereto and motion to dismiss the petition for review, petitioners' reply, and the numerous motions for leave to intervene or appear as amicus curiae, and upon the oral argument had before it, it is

ORDERED by the court for the reasons and to the extent stated in the accompanying memorandum, that in the absence of a provision in the order for refund of rates charged if subsequently held unlawful, in whole or in part, the court issues an injunction to a limited extent against the operation of Commission Opinion No. 770, pending final decision by the Commission on any application for rehearing under 15 U.S.C. § 717r(a), or until expiration of the time for filing such application if none is timely filed. The injunction is so limited that producers will be permitted to file tariffs reflecting applications of the new rates for natural gas, provided that their tariffs incorporate an undertaking to refund to their pipeline customers any portions of the new rates subsequently held to be unlawful. The charging of such new rates for any gas, whether "new" or "flowing," without a refund undertaking is enjoined. It is

FURTHER ORDERED by the court that action upon respondent's motion to dismiss the petition for review and upon the motions for leave to intervene or appear as amicus curiae is deferred until further order of the court.

## PER CURIAM:

The court deems jurisdiction of the petition for emergency stay properly bottomed on the All Writs Act, 28 U.S.C. § 1651 (1970). In *Federal Trade Commission v. Dean Foods Co.,* 384 U.S. 597, 86 S.Ct. 1738, 16 L.Ed.2d 802 (1966), the Supreme Court held that the court of appeals had the power under that Act to temporarily enjoin the consummation of a merger under attack before the Commission when consummation would, in effect, deprive the court of its appellate jurisdiction. The Court held that exercise of that power, "extends to the potential jurisdiction of the appellate court where an appeal is not then pending but may later be perfected." *Id.* at 603, 86 S.Ct. at 1742. Further, "the authority of the appellate court 'is not confined to the issuance of writs in aid of a jurisdiction already acquired by appeal but extends to those cases which are within its appellate jurisdiction although no appeal has been perfected.' " *Id.* at 603–04, 86 S.Ct. at 1742, citing *Roche v. Evaporated Milk Assn.,* 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). The Court additionally noted that the " 'limited judicial power to preserve the court's jurisdiction [ ] by injunction pending review of an agency's action through the prescribed statutory channels' " is " 'merely

incidental to the court's jurisdiction to review final agency action . . . .' " *Id.* 384 U.S. at 604, 86 S.Ct. at 1742, citing *Arrow Transp. Co. v. Southern R. Co.,* 372 U.S. 658, 83 S.Ct. 984, 10 L.Ed.2d 52 (1963). The All Writs Act is similarly applicable in instances where a court that would have full appellate jurisdiction after the administrative reconsideration process is completed, is presented with an irreparable injury sustained because an agency order has been made effective pending reconsideration, the Act being employed in aid of jurisdiction to prevent even temporary immunity from judicial scrutiny of agency actions before statutory review provisions become available. *See, Consumer Federation of America v. FPC,* 169 U.S.App.D.C. 116, 120, 515 F.2d 347, 351, *cert. denied,* 423 U.S. 906, 96 S.Ct. 208, 46 L.Ed.2d 136 (1975).*

■ Given the fact that the *obligation* to pay the new rates would commence as of the date of the Commission opinion, July 27, 1976 (though only subsequently would rates be filed and monies collected), and that monies thereafter collected as payment on such obligations would be kept forever by producers absent a refund provision, even if those new rates were later found to be unlawful upon full judicial review, the court concludes that petitioners have made out a strong case for equitable relief.

■ The Commission argues that there is no case for equitable relief from the courts so long as it has the authority to enter a refund order if and when any rates are held unlawful. But there is an additional barrier when the refund obligation is declared for the first time long after the rates are collected. In *Consumer Federation, supra,* we stayed an FPC order. The Solicitor

General's memorandum in the Supreme Court asked that the stay be vacated and cited the Commission's authority to make refunds. This court's stay was vacated. On full review, the Commission's order was held invalid, as an unlawful abdication of regulatory responsibility. *Consumer Federation, supra,* 515 F.2d at 358–360. The Commission has denied refunds, saying:

A decision [that rates are unlawful] should not be given retroactive effect when there has been reliance on the overruled decision, retroactive application will cause injury, and public policy can be effectively served by prospective application of the decision.

Order of May 3, 1976, in FPC Docket No. RP72–98, *et al., Texas Eastern Transmission Company.*

There is imperative need for a refund obligation as to producer charges for the period between July 27, 1976, and the Commission's final action on applications for rehearing. This is the largest increase ever authorized by the Commission, involving $190 million on the Commission's own submission, just for the period when the Commission is not subject to direct judicial review. During this period the overwhelming bulk of transactions at higher prices will be those governed by contracts which were executed before July 27, 1976, from gas reserves dedicated to the interstate market on or before that date, *i. e.,* "flowing gas," not "new gas".

On the other hand, the court is mindful that the public interest and the national interest require that all efforts be made to decrease energy demand and all efforts be made to increase domestic supply. The court fully respects the national effort to

---

* At argument, Commission counsel submitted that there would be no injury during the period pending reconsideration because actual payments would not have to be made until October 27, 1976. But the obligations would be effective as of July 27, 1976, and this is critical—as contrasted with the relative formality that the producers need not file tariffs until August 26, 1976, and the pipelines would have until September 27, 1976, to file tariffs tracking those rates. Counsel for the Commission characterized user payments covering higher rates effec-

tive from July 27, 1976, until new tariffs are filed as a "one-time surcharge." This phrase cannot avoid the consequence of a huge sum effectively rendered immune from review absent an exercise of extraordinary authority.

There is no indication that Congress intended an agency to be able to make its order effective for even a limited period, with irremediable irreparable injury, and with immunity from judicial authority to grant any relief, even in extraordinary cases.

bring onstream additional interstate gas. The court finds it an appropriate exercise of extraordinary authority, to enter an order that will permit the Commission's order to be effective, except only for provision of a refund obligation in the event it is later held unlawful in whole or in part. Therefore, producers subject to regulation by the Commission will be permitted to file tariffs reflecting applications of the new rates for natural gas, provided that their tariffs incorporate an undertaking to refund to their pipeline customers (for pass-through by them to distributor companies and ultimate consumers) any portion of the new rates subsequently held to be unlawful. The charging of such new rates for any gas, whether "new" or "flowing," without a refund undertaking is enjoined.