Carlos Valenzuela BONILLA and Ramona Bejarana de Valenzuela, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 83–4129.

United States Court of Appeals, Fifth Circuit.

July 20, 1983.

Max L. Christenson, Odessa, Tex., for petitioners.

Francesco Isgro, Charles E. Hamilton, III, Washington, D.C., for respondent.

Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.

BY THE COURT:

Carlos Valenzuela Bonilla and Ramona Bejarana de Valenzuela petition for review of the Board of Immigration Appeals' denial of their request for stay of deportation pending a ruling on their motion to reopen.

**44**

The INS has moved to dismiss the petition, urging that the denial of the request for stay is not reviewable by this court.

Title 8 U.S.C. § 1105a(a) limits our jurisdiction to "final orders of deportation." Other circuits have recently held that a denial of a stay pending consideration of a motion to reopen is not such a final order. *Kemper v. INS,* 705 F.2d 1150, 1150 (9th Cir.1983); *Diaz-Salazar v. INS,* 700 F.2d 1156, 1159 (7th Cir.1983). We agree. Another path for review of a denial of a stay already exists: "In situations to which the provisions of § 106(a) [8 U.S.C. § 1105a(a)] are inapplicable, the alien's remedies would, of course, ordinarily lie first in an action brought in an appropriate district court." *Cheng Fan Kwok v. INS,* 392 U.S. 206, 210, 88 S.Ct. 1970, 1973, 20 L.Ed.2d 1037 (1968). Petitioners seek the § 1105a(a) path because it automatically stays the deportation proceedings regardless of whether the motion to reopen has any basis in law or fact.

The potential for abusive delay is obvious. An alien files a motion to reopen his order of deportation and at the same time requests a stay. When the stay is denied he petitions for review of the denial of stay in the court of appeals, thereby obtaining an automatic stay. As soon as the motion to reopen is denied, the alien files another motion to reopen and another request for a stay, and then petitions for review of the denial of this second request for a stay, thereby obtaining an automatic stay once again. As long as a petition for review is pending in this court, a series of automatic stays will bar deportation of the alien, regardless of the merits of his case. We do not here, and caution that we will not in the future, tolerate this sort of sharp dealing.[1]

PETITION FOR REVIEW DISMISSED, MANDATE TO ISSUE IMMEDIATELY.

---

1. The record reflects that petitioners conceded their deportability at a hearing *over four years ago,* on May 26, 1979. Since then they have filed three petitions for review with this court (as well as a request for reinstatement of one of these petitions) and repeatedly failed to report for deportation as directed. Their latest self-styled "skeleton motion" to reopen contributes nothing new other than an additional chapter to this history of immigration law abuse.