756 F.2d 7
 Ayrton O. REID, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
Ayrton O. REID, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent,
and
Executive Office of Immigration Review, Board of Immigration
Appeals, Respondent.
 Nos. 84-3057, 84-3416.
 United States Court of Appeals,
Third Circuit.
 Argued Oct. 26, 1984.
Decided Feb. 28, 1985.
 
 Lawrence H. Rudnick (Argued), Orlow, Fuller, Rubin & Steel, Philadelphia, Pa., for petitioner.
 Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Alexander Ewing, Jr. (Argued), Asst. U.S. Attys., Philadelphia, Pa., Allen W. Hausman, Asst. Director, Hilary S. Moley, Civil Div., Dept. of Justice, Washington, D.C., for respondents.
 Before GIBBONS and BECKER, Circuit Judges and KATZ, District Judge.*
 OPINION OF THE COURT
 BECKER, Circuit Judge.
 
 
 1
 This is a petition for review of an order of the Board of Immigration Appeals (BIA), denying a motion by petitioner, Ayrton Reid, to reopen deportation proceedings.[1] The petition will be denied.[2]
 
 I.
 
 2
 Ayrton Reid is a native and citizen of Jamaica who entered the United States in 1969 as a non-immigrant visitor-for-pleasure and subsequently married a United States citizen in 1972. On January 22, 1974, Reid was arrested in New Jersey for possession of marijuana. The next month he executed an application for an immigrant visa and alien registration at the United States embassy in Kingston, Jamaica.[3] He was admitted to this country as a lawful permanent resident on February 16, 1974.
 
 
 3
 The New Jersey Superior Court, Middlesex County, convicted Reid of possession of a controlled dangerous substance on December 2, 1974, after he entered a plea of guilty. Following this conviction, the Immigration and Naturalization Service (INS) issued an Order to Show Cause on February 24, 1975, pursuant to 8 U.S.C. Sec. 1251(a)(11), which resulted in an April 9, 1975, decision of an Immigration Judge finding Reid deportable. After various proceedings instituted by Reid to gain reconsideration of the deportation order, the BIA entered a new deportation order on March 28, 1979. This court dismissed the petition for review on December 3, 1979. Reid v. Immigration and Naturalization Service, 612 F.2d 574 (3d Cir.1979) (judgment order).
 
 
 4
 After Reid's deportation was delayed by his application for several stays, he filed on January 12, 1984, a motion to reopen and reconsider his order of deportation and later supplemented this motion by asserting an additional ground for relief. The denial of this supplemented motion is at issue in this case.[4] We turn now to the two arguments advanced by Reid in support of the motion to reopen.[5]
 
 II.
 
 5
 Reid first seeks discretionary relief from deportation pursuant to section 212(c) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. Sec. 1182(c). Before section 212(c) relief is available, the applicant must demonstrate as a threshold matter that he or she has maintained "a lawful unrelinquished domicile of seven consecutive years." 8 U.S.C. Sec. 1182(c). Reid argues that he has met this requirement because he has resided in the United States ever since he was admitted as a lawful resident on February 16, 1974. See Petitioner's Supplemental Brief at 3, 7. Reid asks this court to establish a rule that a person's domicile is unrelinquished for purposes of section 1182(c) until that person actually departs from the United States pursuant to a lawful order of deportation.[6]
 
 
 6
 We are not aware of any decision by a court of appeals adopting the position pressed by appellant. Although differing among themselves as to the date when domicile is relinquished under the Act, all of these decisions have nevertheless looked to the date of some specific administrative or judicial action to determine the termination of an alien's domicile. See Marti-Xiques v. INS, 741 F.2d 350, 355 (11th Cir. Sept. 10, 1984) (on re-hearing) ("we conclude that eligibility for Sec. 212(c) relief is determined as of the date the order to show cause is issued.");[7] Wall v. INS, 722 F.2d 1442, 1444-45 (9th Cir.1984) (lawful domicile continues until a court of appeals completes consideration of the petition for review on the merits of the BIA order of deportation);[8] Lok v. INS, 681 F.2d 107, 110 (2d Cir.1982) (lawful domicile terminates when the BIA affirms a deportation order in cases in which there is no petition for review to the court of appeals).[9]
 
 
 7
 Consonant with the views of the three circuits that have addressed the question, we reject Reid's contention that the termination of lawful domicile be tied to a person's actual departure from the United States. First, the suggested standard presents problems of fairness because it premises the availability of discretionary relief under Sec. 1182(c) on a person's ability to avoid actual deportation pursuant to a finally determined deportation order. Second, petitioner's suggested termination date is not sufficiently attentive to the language of the statute which speaks of "lawful" domicile, in that a person's domicile can hardly be "lawful" once a deportation order has been judicially determined adversely to the petitioner.[10]
 
 
 8
 However, we need not and do not decide in this case precisely at what point in the administrative and judicial process a person's lawful domicile is terminated. Such a decision is not necessary because, even if we assume that lawful domicile does not terminate until the merits of the original deportation decision have been fully resolved by the courts--the position of the Wall court--Reid has not met the threshold requirement of seven consecutive years of domicile: Reid became a lawful permanent resident in February of 1974, and this court denied the petition for review of the deportation order on December 3, 1979.
 
 III.
 
 9
 Reid's second claim is that he is eligible for relief pursuant to Sec. 241(f) of the Act, 8 U.S.C. Sec. 1251(f), which provides in essence that for purposes of deportation "a single offense of simple possession of 30 grams or less of marijuana may, in the discretion of the Attorney General, be waived for any alien" who meets certain requirements. Reid notes that his deportation order was predicated upon the marijuana possession conviction, and he argues that he has met his burden of proving a prima facie case of eligibility for relief by submitting an affidavit which includes his statement that "at the time of my arrest, there was approximately one ounce of marijuana." The BIA concluded, however, that Reid was not eligible for relief because the New Jersey state lab report issued at the time he was convicted in state court indicated that 626.1 grams of vegetation had been submitted for testing in connection with his case. This vegetation was identified as marijuana.
 
 
 10
 In reviewing the BIA's disposition of a motion to reopen deportation proceedings, this court's review is limited to determining whether the BIA abused its discretion. See Ravancho v. INS, 658 F.2d 169 (3d Cir.1981). Clearly, the BIA's conclusion is justified because of the sheer mass of the vegetation identified as marijuana in the lab report, which was equal to approximately 20 ounces, well more than one pound.[11]
 
 IV.
 
 11
 In sum, the BIA did not abuse its discretion in denying Reid's motion to reopen his deportation proceedings. Reid was unable to demonstrate a prima facie case of eligibility for relief under either 8 U.S.C. Sec. 1182(c) or Sec. 1251(f)(2). The petition for review in No. 84-3416 will be denied.[12] Because Reid's original deportation was ordered over seven years ago and the delays in this matter have been significant, the mandate will issue forthwith.
 
 
 
 *
 Honorable Marvin Katz, United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 The denial of a motion to reopen a deportation proceeding is reviewable in a court of appeals pursuant to 8 U.S.C. Sec. 1105a(a). See Giova v. Rosenberg, 379 U.S. 18 (1964)
 
 
 [2]
 The petition we consider here is docketed at 84-3416. The petitioner had also sought review in this court of the BIA's denial of his January 12, 1984, request for a stay of deportation pending resolution of his motion to reopen deportation proceedings. We dismiss the petition for review of the denial of the stay, docketed at 84-3057, because it became moot when the BIA denied the request to reopen proceedings on June 25, 1984. We therefore do not reach the issue of whether this court has jurisdiction over a petition to review the denial of a motion to stay deportation
 
 
 [3]
 In his application for the immigrant visa, Reid, when asked whether he had ever been arrested, answered, "No."
 
 
 [4]
 In the January 12, 1984, motion to reopen, Reid requested relief pursuant to section 212(c) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. Sec. 1182(c), and section 244(a)(2) of the Act, 8 U.S.C. Sec. 1254(a)(2). Reid then supplemented the motion to reopen with a request for relief pursuant to section 241(f) of the Act, 8 U.S.C. Sec. 1251(f)(2)
 
 
 [5]
 Reid has not asked us to review his claim for relief from deportation under section 244(a)(2) of the Act, 8 U.S.C. Sec. 1254(a)(2) (discretionary relief for hardship after a threshold showing of physical presence in the United States for ten continuous years after committing the act that constituted a ground for deportation). The BIA rejected this claim in its opinion denying Reid's motion to reopen. See Supplemental Record of Proceeding, at 7. We do not view Reid's passing mention in his brief to hardship as presenting this claim for review, and therefore we reject the invitation of the government, which has briefed the issue, to resolve a question that is not properly raised
 
 
 [6]
 We note that the Supreme Court is currently considering a related question in Rios-Pineda v. U.S. Dep't of Justice, 720 F.2d 529 (8th Cir.1983), cert. granted, --- U.S. ----, 105 S.Ct. 562, 83 L.Ed.2d 503 (1984). In Rios-Pineda, the Court will decide whether the seven-year "continuous physical presence" requirement of 8 U.S.C. Sec. 1254(a)(1) is met when the term of residency results from the filing of a frivolous appeal of the original deportation order. In Rios-Pineda, the petitioner became eligible for relief under Sec. 1254(a)(1) during the pendency of the allegedly frivolous petition for review of the original deportation order
 
 
 [7]
 The Marti-Xiques court concluded that eligibility for relief should be based on the date the order to show cause is issued after rejecting a number of alternate dates. The court concluded that it should not look to the date the deportable act was committed because that date is not always easily ascertainable and could unduly restrict the Attorney General's discretion to allow relief. See Marti-Xiques, at 355. The court rejected dates of significance to the administrative and legislative determination of the merits of the deportation order because they are likely to be a product of "the quirks and delays of the administrative and judicial processes." Id. at 355. See also infra note 8
 
 
 [8]
 The court stated that "[b]ecause ... Wall had challenged the Board's deportability decision on petition to this court for review, his continued presence in the United States after the administrative adjudication of deportability was a matter of law, not grace." 722 F.2d at 1444. The court predicated its decision on the automatic statutory stay of deportation pending review of deportability by a court of appeals. See id. (citing 8 U.S.C. Sec. 1105a(a)(3)). The Marti-Xiques court criticized this position because it "allow[ed the petitioner] to ... benefit from the docket congestion which plagues the federal courts and to take advantage of whatever procedural dilatory tactics he can conceive of." Marti-Xiques, at 355 (footnotes omitted)
 
 
 [9]
 The Lok court concluded that "[o]nce Tim Lok's order for deportation was not timely challenged on its merits, he resided in the United States once again as a matter of grace, not law." 681 F.2d at 110
 
 
 [10]
 See Respondent's Brief, at 16 ("Petitioner's lawful permanent residence status clearly 'changed' [within the meaning of Sec. 1101(a)(20) ] when he was ordered deported by the Immigration Court and when this determination was upheld both by the Board of Immigration Appeals and this Court.")
 
 
 [11]
 Because the lab report itself specified that the recorded weight related to the vegetation, we need not be concerned that New Jersey law, N.J.S.A. 24:21-2, excludes the stalk of the plant in its definition of marijuana
 
 
 [12]
 The petition for review in No. 84-3057 will be dismissed as moot. See supra note 2