**Ayrton O. REID, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 85–3150.

United States Court of Appeals, Third Circuit.

Argued April 29, 1985.

Decided June 28, 1985.

Lawrence H. Rudnick (Argued), Orlow, Fuller, Rubin & Steel, Philadelphia, Pa., for petitioner.

Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Alexander Ewing, Jr. (Argued), Asst. U.S. Attys., Philadelphia, Pa., for respondent.

Before GIBBONS, HIGGINBOTHAM and BECKER, Circuit Judges.

**OPINION OF THE COURT**

BECKER, Circuit Judge.

Petitioner Ayrton O. Reid seeks review of a decision of the Board of Immigration Appeals ("BIA") denying his motion for a stay of deportation pending consideration of his motion to reopen deportation proceedings. The INS has moved to dismiss the petition for want of jurisdiction on the ground that a BIA decision denying a stay of deportation is not a "final order of deportation" reviewable in this court pursuant to section 106(a) of the Immigration and Nationality Act (the "Act"), 8 U.S.C.

§ 1105a(a). We agree with the INS that we lack jurisdiction over the petition for review.

## I.

On April 9, 1975, an Immigration Judge decided that Reid was deportable pursuant to 8 U.S.C. § 1251(a)(11). After reviewing this decision, the BIA entered a final deportation order on March 28, 1979. This court dismissed the petition for review of the BIA's order on December 3, 1979. *Reid v. Immigration and Naturalization Service*, 612 F.2d 574 (3d Cir.1979) (judgment order). Reid's deportation was then delayed when he filed several applications for a stay and a motion to reopen the deportation proceedings.[1] The BIA denied Reid's motion to reopen, whereupon Reid petitioned this court for review, asserting that he was entitled to discretionary relief pursuant to 8 U.S.C. §§ 1182(c) & 1251(f). We denied the petition for review on February 28, 1985. *Reid v. Immigration and Naturalization Service*, 756 F.2d 7 (3d Cir.1985).[2]

While his petition for review was pending before this Court, Reid filed with the BIA on February 1, 1985, a motion to reopen and to stay deportation. Reid sought discretionary relief pursuant to 8 U.S.C. § 1254(a)(2).[3] On March 14, 1985, the BIA denied Reid's request for a stay.[4] Four days later, Reid filed a petition for review of the BIA's denial of a stay of deportation arguing that, because it would lead to his immediate departure from the country and the constructive withdrawal of his motion to reopen, *see infra* at 115, the BIA's action was "the 'functional equivalent' of a final denial of the ... Motion to Reopen." Memorandum of Law in Opposition to Motion to Dismiss, at 1.

## II.

On May 9, 1985, less than two weeks after expedited argument was heard in this case, the BIA denied Reid's motion to reopen. We recognize that, because the BIA has rendered a decision on the merits, Reid's claim that the BIA gave inadequate consideration to his motion for a stay of deportation pending this decision is no longer live: Reid was not, in fact, deported during the pendency of his motion to reopen. Nevertheless, we conclude that the BIA's decision on the merits does not render this case moot because the question raised by Reid's petition for review of the denial of the stay is one that is "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. Interstate Commerce Commission*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). In a case involving a single plaintiff, rather than a class action, "the capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983). Because Reid may seek discretionary relief from the BIA in the future, there is a reasonable chance that the claim for relief he asserts in this petition will, if left unresolved, be before this court again; it is, therefore, capable of repetition under the *Lyons* test.

Based on our experience in considering Reid's two petitions for review of BIA denials of motions for a stay of deportation, we also believe that the claim will continue to evade our review if it is not resolved in this proceeding. At the time we decided *Reid*, 756 F.2d 7, we thought that any new petition for review of a stay would not evade review if we expedited its disposition. *See id.* at 8 n. 2; Motion to Dismiss Petition for

---

**1.** *See Reid v. Immigration and Naturalization Service*, 756 F.2d 7, 8 & nn. 4–5 (3d Cir.1985).

**2.** Our opinion denying the petition discusses in greater detail the factual background of the deportation order. *See id.* at 8.

**3.** In our February 28 opinion we had expressly declined to reach the question of Reid's eligibili-

ty for relief under that section. *See* 756 F.2d at 8 n. 5.

**4.** Reid also filed a motion for a stay of deportation before the district director, and that stay was also denied.

Review, at 6 (discussing Court's suggestion that any new petition for review be scheduled on an expedited basis). We now recognize, given our experience in the pending matter, that the important jurisdictional question before us will continue to evade our review if it is not decided at this time. We therefore hold that the issue raised by Reid's petition is not moot.[5] Accordingly, we will consider whether we have jurisdiction under § 1105a(a) to consider the merits of the petition.

### III.

The INS has moved to dismiss Reid's petition for review asserting that this court has no jurisdiction because a BIA decision denying a stay is not a "final order of deportation" reviewable in this court pursuant to section 106(a) of the Immigration and Nationality Act (the "Act"), 8 U.S.C. § 1105a(a). The INS stresses that, because an order of deportation is automatically stayed when a petition for review is pending in a court of appeals, *see* 8 U.S.C. § 1105a(a)(3), acceptance of Reid's position would permit deportable aliens to file successive petitions for review of BIA decisions to deny requests for stays of deportation interposed solely for the purpose of obtaining the benefit of the automatic stay, thereby indefinitely delaying implementation of valid deportation orders. Reid rejoins that an order denying a stay under these circumstances is the functional equivalent of a final denial of his motion to reopen because, in its wake, he must leave the country and because his petition is then deemed withdrawn. *See* 8 U.S.C. § 1105a(c); 8 C.F.R. § 3.2 (1985); *see also Newton v. Immigration and Naturalization Service*, 622 F.2d 1193, 1195 (3d Cir. 1980) (dismissing petition for review of an alien who voluntarily departed the United States before the petition was filed and whose deportation had not resulted from a denial of due process).

■ Whether or not Reid's argument has force, *see infra* at 116 n. 9, for the reasons that follow the conclusion is ineluctable that the BIA's denial of a motion for a stay is not a final order and that we therefore lack jurisdiction under § 1105a(a) to consider Reid's petition.

First, this conclusion is supported by the Supreme Court's dictum in *Cheng Fan Kwok v. Immigration and Naturalization Service*, 392 U.S. 206, 216, 88 S.Ct. 1970, 1976, 20 L.Ed.2d 1037 (1968). In *Cheng Fan Kwok*, the Court specifically held that courts of appeals have no jurisdiction to review a district director's denial of a stay of deportation because jurisdiction under § 1105a(a) "embrace[s] only those determinations made during a proceeding conducted under § 242(b) [of the Act], including those determinations made incident to a motion to reopen such proceedings." *Id.*[6] Given this holding, the Court did not need to resolve whether the denial of a motion for a stay by a district director is a "final order" and therefore within the jurisdictional grant of § 1105a(a). Nevertheless, the Court suggested in a footnote that the denial of a stay of deportation is not a final order. *See id.* at 212 n. 11, 88 S.Ct. at 1974 n. 11 ("it must be reiterated that [§ 1105a(a)] does not, as the dissenting opinion suggests, encompass 'all orders' entered pursuant to § 242(b) proceedings; it is limited to 'final orders of deportation.' ... [T]he order in question here is ... [not] a final order of deportation ....").[7]

Second, the several courts of appeals that have considered whether § 1105a(a) confers jurisdiction over the BIA's denial of a motion to stay have held specifically

5. We note that both Reid and the INS concur in this view and have urged us to decide the jurisdictional issue.

6. Motions to reopen brought before the district director are not considered pursuant to § 242(b) of the Act.

7. Given this language and the nature of the Court's holding in *Cheng Fan Kwok,* we are unpersuaded by Reid's argument that *Cheng Fan Kwok* actually supports jurisdiction in this case because the motion to stay deportation was denied in a § 242(b) proceeding. As we discuss *infra,* three other circuit courts of appeals have also been unpersuaded by Reid's suggested reading of *Cheng Fan Kwok.*

that the denial of such a motion is not a final order and that a petition for review is therefore not appealable, even though the denial was otherwise pursuant to a § 242(b) proceeding. *Bonilla v. Immigration and Naturalization Service,* 711 F.2d 43, 44 (5th Cir.1983) (per curiam); *Diaz-Salazar v. Immigration and Naturalization Service,* 700 F.2d 1156, 1159 (7th Cir.1983); *Reyes v. Immigration and Naturalization Service,* 571 F.2d 505, 507 (9th Cir.1978).

In addition to being contrary to this persuasive weight of authority, Reid's proposed reading of § 1105a(a) is plainly inconsistent with Congress's intent in enacting the provision. In *Cheng Fan Kwok v. Immigration and Naturalization Service,* 381 F.2d 542, 545 (3d Cir.1967), *aff'd,* 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968), we stated that "the purpose of [§ 1105a(a)] was to prevent dilatory tactics frequently employed by counsel for aliens to postpone the inevitable (deportation) as long as possible." The Supreme Court reiterated this view in its decision in *Cheng Fan Kwok,* stating that the provision's purpose was "evidently 'to expedite the deportation of undesirable aliens by preventing successive dilatory appeals to various federal courts ....'" 392 U.S. at 214, 88 S.Ct. at 1975 (quoting *Foti v. Immigration and Naturalization Service,* 375 U.S. 217, 226, 84 S.Ct. 306, 312, 11 L.Ed.2d 281 (1963)). *Cf. Immigration and Naturalization Service v. Rios-Pineda,* —— U.S. ——, 105 S.Ct. 2098, 2102, 85 L.Ed.2d 452 (1985) ("The purpose of an appeal is to correct legal errors which occurred at the initial determination of deportability; it is not to permit an indefinite stalling of physical departure in the hope of eventually satisfying legal prerequisites [to discretionary relief].").

Given Congress's concerns about avoiding unnecessary delay in deportation actions, we must consider the effect that Reid's theory would have on either encouraging or discouraging delay. It is critical in this regard that 8 U.S.C. § 1105a(a)(3) provides for an automatic stay of deportation whenever a petition for review of a "final order" is filed in a court of appeals. One court, in recognition of this statutory scheme, traced the likely results of a holding that the BIA's denial of a request for a stay is a "final order":

> The potential for abusive delay is obvious. An alien files a motion to reopen his order of deportation and at the same time requests a stay. When the stay is denied he petitions for review of the denial of stay in the court of appeals, thereby obtaining an automatic stay. As soon as the motion to reopen is denied, the alien files another motion to reopen and another request for a stay, and then petitions for review of the denial of this second request for a stay, thereby obtaining an automatic stay once again. As long as a petition for review is pending in this court, a series of automatic stays will bar deportation of the alien, regardless of the merits of his case.

*Bonilla,* 711 F.2d at 44. When considered in light of Congress' intent in enacting § 1105a(a), the likelihood of these or similar abuses compels the conclusion that the denial of a motion for a stay of deportation is not a "final order" under § 1105a(a),[8] and that there is no jurisdiction over Reid's petition for review.[9]

---

**8.** The automatic stay available in deportation cases is not available in exclusion cases. *See* 8 U.S.C. § 1105a(b). Thus, concern about abusive delay is not nearly as substantial in exclusion cases. We have, in fact, concluded that in exclusion cases an alien may bring a habeas corpus action when faced with the BIA's "unjustified failure to act within a reasonable period" on a motion to reopen. *See Dabone v. Karn,* 763 F.2d 593, at 597 n. 2 (3d Cir.1985).

**9.** We have carefully considered Reid's contention that, unless § 1105a(a) provides jurisdiction over his petition for review, he will be unable to gain judicial review of the merits of his motion to reopen the deportation proceedings because of his departure from the United States. *See supra* at 115. We do not denigrate this concern. It may sometimes happen that an alien will be unsuccessful in gaining a stay of deportation from either the BIA or the district director and will be deported before the BIA has ruled finally on the motion to reopen. Furthermore, it may well be that the motion to reopen will be deemed withdrawn or will be mooted following the alien's departure from the United

Accordingly, the petition for review will be dismissed.

States, *see supra* at 115, *but cf.* 2 C. Gordon & H. Rosenfield, Immigration Law and Procedure § 8.8, at 8–57 to 8–58 (1985) ("courts have ruled that the statutory preclusion [against the maintenance of a review proceeding by an individual outside of the country] is applicable only when the alien has voluntarily departed from the United States and does not bar his challenge to the deportation order if his departure has been compelled...."). These concerns, however, cannot effect the result in this case given the relevant statute, legislative history, and precedent.

Moreover, we note the possibility that in extraordinary cases relief in the nature of a stay might be available in the court of appeals pursuant to the All Writs Act. 28 U.S.C. § 1651(a) (empowering federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law"). *See F.T.C. v. Dean Foods Co.,* 384 U.S. 597, 603–05, 86 S.Ct. 1738, 1742–43, 16 L.Ed.2d 802 (1966) (Exercise of All Writs Power "extends to the potential jurisdiction of the appellate court where an appeal is not then pending but may be later perfected." All Writs Act provided court of appeals with jurisdiction to issue a preliminary injunction preventing the consummation of a merger of two corporations "upon a showing that an effective remedial order, once the merger was implemented, would otherwise be virtually impossible.....");

*McClellan v. Carland,* 217 U.S. 268, 280, 30 S.Ct. 501, 504, 54 L.Ed. 762 (1910) ("where a case is within the appellate jurisdiction of the higher court a writ ... may issue in aid of the appellate jurisdiction which might otherwise be defeated"); *American Pub. Gas Ass'n v. Federal Power Comm'n,* 543 F.2d 356, 358 (D.C.Cir.1976) (The Act is "applicable in instances where a court that would h· ·e full appellate jurisdiction after the administrative reconsideration process is completed, is presented with an irreparable injury sustained because an agency order has been made effective pending reconsideration, the Act being employed in aid of jurisdiction to prevent even temporary immunity from judicial scrutiny of agency actions before the statutory review provisions become available."), *cert. dismissed, sub nom. Amerada Hess Corp. v. Fahy,* 429 U.S. 1067, 97 S.Ct. 798, 50 L.Ed.2d 800 (1977). *See also Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor,* 619 F.2d 231, 236–37 (3d Cir.1980). Arguably, an alien's departure from the United States would deprive the court of appeals of jurisdiction to correct what might, under the facts of the case, be an egregious denial of discretionary relief. However, because the BIA has by now ruled on the merits of Reid's claim for relief, *see supra* part II, we need not decide whether to treat Reid's premature petition for review as a petition for discretionary relief under § 1651.