**Dalton Fernando GANDO–COELLO, Petitioner, Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent, Appellee.**

No. 88–1478.

United States Court of Appeals, First Circuit.

Sept. 19, 1988.

As Amended Sept. 20, 1988.

John H. Ruginski, Jr., Providence, R.I., for petitioner, appellant.

Joseph F. Ciolino, Office of Immigration Litigation, Civil Division, Dept. of Justice, Washington, D.C., for I.N.S.

Before COFFIN, BOWNES and SELYA, Circuit Judges.

## ORDER OF COURT

Respondent Immigration and Naturalization Service (the "INS") has moved to dismiss petitioner Dalton Fernando Gando–Coello's petition for review on the ground that this court lacks jurisdiction. We grant the motion.

Petitioner does not dispute the INS' assertion that, although the petition for review states that it seeks "review of the final order of the Board of Immigration Appeals, entered on April, 1988," the petition actually seeks review of the Board's denial of petitioner's request for a stay of deportation pending the Board's determination of petitioner's appeal from an immigration judge's denial of petitioner's motion to reopen a deportation order. Under the governing statute, 8 U.S.C. § 1105a(a), this court's jurisdiction to review orders of the Board is limited to review of "final orders of deportation." Although we are aware of no authority from this circuit governing this point, the other circuits that have considered the question speak with one voice in holding that a denial of a stay of deportation pending disposition of a motion to reopen is not a "final order" within the meaning of 8 U.S.C. § 1105a(a). *Reid v. INS*, 766 F.2d 113 (3d Cir.1985); *Bonilla v. INS*, 711 F.2d 43 (5th Cir.1983); *Kemper v. INS*, 705 F.2d 1150 (9th Cir.1983); *Diaz–Salazar v. INS*, 700 F.2d 1156, 1159 (7th Cir.), *cert. denied*, 462 U.S. 1132, 103 S.Ct. 3112, 77 L.Ed.2d 1367 (1983). *See also Cheng Fan Kwok v. INS*, 392 U.S. 206, 213 n. 11, 88 S.Ct. 1970, 1974 n. 11, 20 L.Ed.2d 1037 (1968) (dictum). We agree with this persuasive weight of authority.

As the Fifth Circuit noted in *Bonilla*, because the filing of a petition for review under § 1105a(a) automatically stays petitioner's deportation regardless of the merits of the motion to reopen before the Board, 8 U.S.C. § 1105a(a)(3), "[t]he potential for abusive delay is obvious," *Bonilla, supra*, 711 F.2d at 44, if the Board's denial of a stay of deportation pending disposition of a motion to reopen could be reviewed directly by courts of appeals under § 1105a. An alien then could obtain a stay of deportation by the simple expedient of filing a motion to reopen, however frivolous, seeking a stay from the Board, and then petitioning for review of the denial of the stay by the court of appeals, thereby obtaining an automatic stay. *Id.*

We add that where, as here, the judicial review provisions of § 1105a do not apply, an alien may seek relief by bringing an action in the appropriate district court. *Cheng Fan Kwok, supra*, 392 U.S. at 210, 88 S.Ct. at 1973; *Bonilla, supra*, 711 F.2d at 44.

The petition for review is *dismissed*.