956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Shahin SHIRKHANI, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-9508.
 United States Court of Appeals, Tenth Circuit.
 Feb. 25, 1992.
 
 Before McKAY, Chief Judge, and SEYMOUR, Circuit Judge.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 This matter comes before the court on Petitioner's Petition for Review and Motion for Stay of Deportation, as well as Respondent's Motion to Dismiss and Request for Expedited Consideration. Although Petitioner avers in his Petition for Review that he is seeking review of an order of the Board of Immigration Appeals dismissing his appeal, he admits in his Motion for Stay and brief in support, that he is seeking review of the Board's denial of his motion to stay pending consideration of his motion to reopen. Petitioner also admits that the Board has yet to rule on his motion to reopen, but argues that in denying his request for a stay, the Board effectively denied his motion to reopen.
 
 
 2
 Exclusive jurisdiction lies in this court over "petitions for review of final orders of deportation entered against aliens in the United States pursuant to administrative proceedings under ... 8 U.S.C. § 1252(b)." Salehi v. District Director, INS, 796 F.2d 1286, 1289 (10th Cir.1986). This jurisdiction "extends to denials of motions to reopen deportation proceedings before the BIA and to determinations made incident to a motion to reopen." Id. at 1290. A denial of a stay pending consideration of a motion to reopen is not a "final order of deportation," however, see Gando-Coello v. INS, 857 F.2d 25, 26 (Fed.Cir.1988), and cases cited therein, so absent a determination on the motion to reopen, we cannot review the denial of stay. See also Reid v. INS, 766 F.2d 113, 115-16 (3d Cir.1985) (considering and rejecting argument that denial of stay is effective denial of motion to reopen).
 
 
 3
 Because the Petition for Review concerns only the Board's denial of stay and the Board has not yet ruled on the motion to reopen, we have no jurisdiction over the Petition and must dismiss the action. Accordingly, the Petition for Review is DISMISSED for lack of jurisdiction.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3