**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-3248, 10-3763, and 11-1566
_____

NOEL BARRIOS,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from the Board of Immigration Appeals
BIA-1 No. A 070 891 256
Immigration Judge: The Honorable Craig DeBernardis
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 10, 2011

Before: SCIRICA, SMITH, and JORDAN, *Circuit Judges*

(Filed: November 18, 2011)
_____

OPINION
_____

Smith, *Circuit Judge*.

Noel Barrios filed three petitions seeking review of various orders rendered

by the Board of Immigration Appeals (the "BIA"), which were consolidated into

this action. We will deny all petitions for review.

I.

At some time between 1991 and 1992, Barrios, a citizen and national of Guatemala, illegally entered the United States. In June 1993, Barrios filed an application for asylum. On September 30, 1998, the Immigration and Naturalization Service served Barrios with a Notice to Appear (the "Notice") in immigration court.[1] At an immigration hearing held on January 19, 1999, Barrios admitted all factual allegations in the Notice and conceded removability. On June 7, 2001, following a hearing, the immigration judge (the "IJ") denied Barrios's applications for: asylum, withholding of removal, and protection under the Convention Against Torture. The IJ granted Barrios's application for voluntary departure.

Barrios appealed to the BIA, which on October 25, 2002, summarily affirmed the IJ's decision. Barrios did not petition for review of the BIA's decision.

Barrios remained in the United States in violation of the voluntary departure order. On July 14, 2010, Barrios filed a motion to reopen his asylum petition with the BIA based on an alleged change of conditions within Guatemala. Barrios also

---

[1] The Notice indicated that Barrios was charged with removal under § 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled.

2

moved to stay his removal, which the BIA denied on July 27, 2010. Barrios filed a petition for review of the BIA's denial of his motion to stay (Case No. 10-3248) (the "First Petition").[2]

On August 20, 2010, the BIA mistakenly determined that Barrios had been removed and deemed his motion to reopen withdrawn under 8 C.F.R. § 1003.2(d). Barrios filed a petition with this Court to review this decision (Case No. 10-3763) (the "Second Petition"). On December 6, 2010, the Department of Homeland Security ("DHS"), after realizing that Barrios had not been removed, filed a motion for reconsideration, arguing that the BIA should address the merits of Barrios's motion to reopen. On January 31, 2011, the BIA granted DHS's motion for reconsideration, vacated its August 20, 2010 decision, and denied Barrios's motion to reopen on the merits. Barrios filed a timely petition for review of the decision denying his motion to reopen (Case No. 11-1566) (the "Third Petition"). We consolidated Barrios's three petitions into this action.[3]

---

[2] On July 28, 2010, we granted Barrios's motion for a temporary stay of removal pending a decision on his First Petition.

[3] On September 24, 2010, we consolidated the First and Second Petitions. On March 2, 2011, we consolidated the Third Petition with the previously consolidated petitions.

## II. [4]

### A.

We lack jurisdiction over Barrios's First Petition, appealing the denial of his motion to stay removal.[5] We have no jurisdiction to hear any cause or claim "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). The BIA's denial of a stay of removal falls within its power to execute a removal order. *See Moussa v. Jenifer*, 389 F.3d 550, 554 (6th Cir. 2004) ("[D]enial of a stay of deportation is a component of the decision to execute a deportation order."); *Sharif v. Ashcroft*, 280 F.3d 786, 787 (7th Cir. 2002) ("A request for a stay of removal 'arises from' the Attorney General's decision . . . to execute a removal.").

Barrios's assertions to the contrary are belied by § 1252(g). Barrios purports that we are authorized to stay his removal under 28 U.S.C. § 1651 (the "All Writs

---

[4] The BIA had jurisdiction over Barrios's request to stay removal under 8 C.F.R. § 1003.2(f) and his motion to reopen under 8 C.F.R. § 1003.2(a). Venue in this Court is proper because proceedings before the IJ were completed in Philadelphia, Pennsylvania. *See, e.g.*, 8 U.S.C. § 1252(b)(2).

We have jurisdiction to review the Third Petition because it was a final BIA administrative decision pursuant to 8 U.S.C. § 1252(a). As discussed in greater detail *infra*, we lack jurisdiction with respect to the First and Second Petitions.

[5] Although the BIA has ruled on Barrios's motion to reopen, his motion for a stay pending a decision on the motion to reopen is not moot because it is subject to the "capable of repetition, yet evading review" exception. *See Reid v. INS*, 766 F.2d 113, 114-15 (3d Cir. 1985) (finding this exception applied where the petitioner filed a petition for review challenging the BIA's denial of a motion to stay removal pending a motion to reopen).

4

Act") pending a determination of his motion to reopen. Barrios reasons that, without such a stay, the government may have removed him from the United States, causing his motion to reopen to be withdrawn in accordance with 8 C.F.R. § 1003.2(d). This argument fails because § 1252(g) applies notwithstanding the All Writs Act. *See* 8 U.S.C. § 1252(g) (stating that the restrictions on jurisdiction apply "notwithstanding any other provision of law (statutory or nonstatutory), including . . . [28 U.S.C. § 1651]").[6] Accordingly, we lack jurisdiction over Barrios's First Petition.

## B.

Barrios's Second Petition, which seeks review of the BIA's finding that his motion to reopen was withdrawn, is moot. Although the BIA initially determined that Barrios's motion to reopen was withdrawn based on the mistaken belief that Barrios had already been removed, the BIA subsequently vacated that decision and ruled on the merits of his motion to reopen. Accordingly, the Second Petition is moot.

## C.

Barrios's Third Petition asserts that the BIA abused its discretion in denying his motion to reopen on the merits because, among other reasons, the BIA failed to

---

[6] Moreover, Barrios's reliance on *Reid v. INS* for the proposition that courts may stay removal under the All Writs Act is misplaced. 766 F.2d at 116 n.9. *Reid* was decided in 1985, before the enactment of § 1252(g), which had an effective date of April 1, 1997. Consequently, § 1252(g), not *Reid*, controls this issue.

consider evidence concerning changed conditions in Guatemala.  We disagree.

Where the BIA renders its own decision and does not adopt the decision of the IJ, we review only the BIA's decision.  *See Wong v. Attorney Gen.*, 539 F.3d 225, 230 (3d Cir. 2008).  We review the BIA's decision denying a motion to reopen for abuse of discretion.  *INS v. Rios-Pineda*, 471 U.S. 444, 449 (1985).  The BIA abuses its discretion if its decision "is arbitrary, irrational, or contrary to law." *Fadiga v. Attorney Gen.*, 488 F.3d 142, 153 (3d Cir. 2007).

Here, the BIA did not abuse its discretion in finding that Barrios's motion to reopen was untimely.  Asylum applicants[7] must make any motion to reopen within "90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened."  8 C.F.R. § 1003.2(c)(2).  The BIA's final administrative decision on Barrios's asylum application was rendered on October 25, 2002, meaning that Barrios had until January 23, 2003 to file a motion to reopen.  Barrios, however, did not file his motion to reopen until July 21, 2010. Thus, Barrios's motion to reopen was untimely.

---

[7] To be entitled to asylum, the petitioner must demonstrate that he is a "refugee" as defined by 8 U.S.C. § 1101(a)(42)(A) ("Section 42(A)").  *See* 8 U.S.C.A. § 1158(b)(1)(A).  Section 42(A) defines a refugee as

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

Barrios argues that his motion to reopen is timely because the change-in-country-circumstances exception applies. Under this exception, time limits do not apply to motions to reopen "based on changed circumstances arising in the country of nationality" where such evidence is "material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in finding that Barrios failed to demonstrate a sufficient change in Guatemala's circumstances. Barrios, in support of his assertion that Guatemala's circumstances had changed, cited numerous examples of general violence and other harsh conditions in Guatemala. Such general examples are insufficient as a matter of law to support a claim of asylum. *See, e.g.*, *Al-Fara v. Gonzales*, 404 F.3d 733, 740 (3d Cir. 2005) ("[G]enerally harsh conditions shared by many other persons do not amount to persecution" and "harm resulting from country-wide strife is not persecution 'on account of' an enumerated statutory factor") (quotation marks omitted); *Abdille v. Ashcroft*, 242 F.3d 477, 494 (3d Cir. 2001) ("[O]rdinary criminal activity does not rise to the level of persecution necessary to establish eligibility for asylum.").[8] Thus, the BIA

---

[8] Moreover, the BIA did not abuse its discretion in determining that Barrios failed to produce sufficient new evidence that he faces persecution based on his status as a former Guatemalan police officer. Barrios argued that, in his role as a police officer, he learned sensitive information regarding corruption among both the Guatemalan National Police and military. The IJ did not find Barrios's hearing testimony on this subject credible. In

7

did not abuse its discretion in denying Barrios's motion to reopen on the merits.

Accordingly, we will deny Barrios's petitions for review.

---

the instant petition, Barrios has not produced sufficient new evidence that he was exposed to any sensitive information that could support a claim of persecution. Consequently, the BIA did not abuse its discretion in rejecting Barrios's claims to the contrary.