Jaime LONDONO–GOMEZ, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 81–7706.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 1982.*

Submission Withdrawn Jan. 6, 1983.

Resubmitted Jan. 17, 1983.

Decided Feb. 15, 1983.

---

* The case was first submitted to a panel of Judges Kennedy, Poole and Reinhardt. Judge Wright was substituted for Judge Reinhardt and the panel as reconstituted determined that additional oral argument was not required.

James F. LeTourneau, Los Angeles, Cal., for petitioner.

Ian Fan, Asst. U.S. Atty., Los Angeles, Cal., for respondent.

Before WRIGHT, KENNEDY, and POOLE, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This appeal presents two relatively narrow questions: (1) whether petitioner's conviction for aiding and abetting the distribution of cocaine is a deportable offense within the meaning of section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11); and (2) whether this court has jurisdiction to review an INS district director's denial of petitioner's application for deferred action where the application was filed and denied after issuance of a final order of deportation.

FACTS

Petitioner Jaime Londono-Gomez, a citizen of Colombia and permanent resident of the United States, was convicted of aiding and abetting the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In subsequent deportation proceedings, the INS found him deportable pursuant to section 241(a)(11) of the Immi-

gration and Nationality Act, 8 U.S.C. § 1251(a)(11).

The Board of Immigration Appeals dismissed petitioner's appeal of the INS decision and entered a final order of deportation. Nineteen days later, petitioner applied to the district director for deferred action and a stay of deportation. That application was denied and petitioner pursued this appeal.

DEPORTATION PURSUANT TO § 241(a)(11)

Section 241(a)(11) provides that any alien who is convicted of violating any law or regulation relating to the illicit possession of or traffic in narcotic drugs shall, upon order of the Attorney General, be deported.[1] Petitioner challenges his deportation on the ground that his conviction for aiding and abetting the distribution of cocaine is not one for violation of a law relating to traffic in narcotic drugs within the meaning of that section.

He relies principally on the case of *Castaneda de Esper v. I & NS,* 557 F.2d 79 (6th Cir.1977). In *Castaneda,* the court held that a conviction for misprision of felony, the underlying felony being conspiracy to possess heroin, was not a conviction of a law relating to narcotic drugs within the meaning of section 241(a)(11). *Id.* at 84. The court noted that it has long been recognized by the courts that misprision of felony is a criminal offense separate and distinct from the specific felony concealed. *Id.* at 83.

■ Unlike the misprision of felony statute, the aiding and abetting statute does not define a separate offense but rather makes punishable as a principal one who aids or abets another in the commission of a substantive offense.[2] *See, e.g., Baumann v.*

---

**1.** Section 241(a) provides in part:
    Deportable aliens—General classes
    (a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—
    \* \* \* \* \* \*
    (11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of,

or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marijuana. . . .

**2.** The aiding and abetting statute, 18 U.S.C. § 2, provides:
    2. Principals
    (a) Whoever commits an offense against the United States or aids, abets, counsels, com-

*United States,* 692 F.2d 565, 571 (9th Cir. 1982) (citing *United States v. Cowart,* 595 F.2d 1023, 1031 n. 10 (5th Cir.1979)). *See also Nye & Nissen v. United States,* 336 U.S. 613, 620, 69 S.Ct. 766, 770, 93 L.Ed. 919 (1949) (the aiding and abetting statute "states a rule of criminal responsibility for acts which one assists another in perform-ing.").

██ Because the aiding and abetting statute does not define a separate offense, "an indictment under this section must be accompanied by an indictment for a substantive offense." *United States v. Cowart,* 595 F.2d at 1031 n. 10. Moreover, one convicted under the aiding and abetting statute is subject to the same penalties as one convicted under the statute defining the substantive offense. *See* 18 U.S.C. § 2(b). Thus, petitioner must be treated as though he violated the statute prohibiting the distribution of cocaine.

██ We hold, therefore, that petitioner's conviction for aiding and abetting the distribution of cocaine is one for violating a law relating to traffic in narcotic drugs within the meaning of section 241(a)(11). *Accord, United States v. Gonzalez,* 582 F.2d 1162 (7th Cir.1978).

## JURISDICTION TO REVIEW THE DISTRICT DIRECTOR'S DETERMINATION

██ Our jurisdiction to review directly the district director's denial of the application for deferred action must be based on section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a). Section 106(a) provides that courts of appeals shall have sole and exclusive jurisdiction to review all final orders of deportation made pursuant to administrative proceedings under section 242(b) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b).[3]

Because petitioner filed his application for deferred action 19 days after the final order of deportation had been entered, we must determine whether we may review a district director's determination made outside the confines of a section 242(b) proceeding.

The leading case interpreting the scope of our jurisdictional authority under section 106(a) is *Cheng Fan Kwok v. INS,* 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968). Cheng Fan Kwok was ordered deported following a section 242(b) proceeding. He then applied to the district director for a stay of deportation and the application was denied.

The Court concluded that the court of appeals did not have jurisdiction to review the district director's denial of the stay. It held that the judicial review provisions of section 106(a) embrace only those determinations made during a section 242(b) proceeding, including determinations made incident to a motion to reopen such proceedings. *Id.* at 216, 88 S.Ct. at 1976. The Court left open the possibility that a court of appeals might have pendent jurisdiction over denials of discretionary relief, where it already has before it a petition for review from a proceeding conducted under § 242(b). *Id.* n. 16.

This court has directly reviewed discretionary determinations made outside section

---

mands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States is punishable as a principal.

**3.** Section 106(a) provides in part:

The procedure prescribed by, and all the provisions of sections 1031 to 1042 of Title 5, shall apply to, and shall be the sole and exclusive procedure for, the judicial review of all final orders of deportation heretofore or hereafter made against aliens within the United States pursuant to administrative pro-

ceedings under section 1252(b) of this title or comparable provisions of any prior Act, except that—

(4) ... the petition shall be determined solely upon the administrative record upon which the deportation order is based and the Attorney General's findings of fact, if supported by reasonable, substantial, and probative evidence on the record considered as a whole, shall be conclusive;

Sections 1031 to 1042 of Title 5 referred to are the procedures enacted for judicial review of orders of federal agencies in the Hobbs Act, now codified at 28 U.S.C. §§ 2341–2353.

242(b) proceedings only when the determinations have underlain a deportation order. *See Ghorbani v. I & NS,* 686 F.2d 784 (9th Cir.1982). In such cases, "meaningful review of the order ... require[s] that the court examine the earlier decision." *Id.* at 792 (Poole, J., concurring). We have never reviewed discretionary determinations made after the close of section 242(b) proceedings, even under the doctrine of pendent jurisdiction.

Here, the district director's decision followed the issuance of the final deportation order and did not underlie that order. Therefore, the discretionary determination at issue here falls outside the limited category of discretionary determinations we have reviewed in the past.[4] There is no reason to enlarge that category to permit direct review of the determination challenged here. Petitioner's first recourse must be to the district court.

We affirm the decision of the board.

---

**4.** Our decision in *Nicholas v. I & NS,* 590 F.2d 802 (9th Cir.1979), is not to the contrary. The court there assumed jurisdiction to review a district director's denial of deferred action where the denial occurred during the pendency of a section 242(b) proceeding. Although it did not discuss the jurisdictional point it appears that the district director's determination did underlie the deportation order. If the district director had recommended deferred action, the section 242(b) proceeding would not have gone forward. *Id.* at 805 n. 9.