**Robert M. WALL, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

Nos. 81–7541, 83–7262.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 14, 1983.

Decided Jan. 3, 1984.

Bill Hing, Alan Kornfeld (on the brief), San Francisco, Cal., for petitioner.

Marshall T. Golding, Washington, D.C., for respondent.

Before BROWNING, Chief Judge, DUNIWAY and WRIGHT, Circuit Judges.

DUNIWAY, Circuit Judge:

Petitioner Robert Mansfield Wall asks us to review two decisions of the Board of Immigration Appeals. In No. 81–7541, he attacks a decision upholding an order of deportation issued on October 2, 1979. In No. 83–7262, he attacks a decision denying his motion to reopen. We uphold the Board's conclusion that Wall is deportable, but we also hold that Wall is eligible for relief under 8 U.S.C. § 1182(c), and remand for further consideration of his petition for such relief.

I. FACTS.

Wall, a British subject, entered the United States as a visitor in February, 1975. He married an American citizen on April 28, 1975, and became a permanent resident alien on January 20, 1976. On January 5, 1979, he pled guilty to a cocaine distribution charge under 21 U.S.C. § 841(a)(1). Based on that conviction, an Immigration Judge found him deportable under 8 U.S.C. § 1251(a)(11) at deportation hearings held on October 2, 1979. Wall asked for de-

ferred action status under Immigration and Naturalization Service Operations Instruction 103.1(a)(1)(ii) on September 24, 1979. The Service's district director formally denied deferred action status on February 1, 1980. Wall appealed the deportability finding and the denial of deferred status to the Board of Immigration Appeals, which rejected his appeal on July 1, 1981. Wall then petitioned this court for review. While his petition was pending, Wall moved that the Board reopen his case to permit him to apply for relief under 8 U.S.C. § 1182(c). We stayed Wall's petition pending disposition of the motion to reopen. On April 8, 1983, the Board denied the motion to reopen on the ground that Wall did not meet the seven-year lawful unrelinquished domicile requirement of § 1182(c) because his lawful domicile terminated on July 1, 1981, when the Board affirmed the Immigration Judge's deportation order.

## II. FIFTH AMENDMENT RIGHTS AT DEPORTATION HEARING.

■ Wall argues that the Immigration Judge required him to give incriminating testimony regarding his cocaine conviction at the deportation hearing, in violation of his Fifth Amendment privilege. A person may exercise his Fifth Amendment right to silence at deportability hearings, although they are civil, not criminal, when there is a possibility of future criminal prosecution. *Cabral-Avila v. INS,* 9 Cir., 1978, 589 F.2d 957, 959; *see generally N.L.R.B. v. Trans Ocean Export Packing, Inc.,* 9 Cir., 1973, 473 F.2d 612, 617 (right to invoke Fifth Amendment privilege in non-criminal proceedings).

■ Here, however, the testimony involved a matter for which Wall had already been convicted and served a prison sentence, and the circumstances involved no possibility of future criminal prosecution based on this testimony. Wall's intention to petition to the federal district court for a writ of error coram nobis to vacate his guilty plea did not create such a possibility. Therefore, there was no Fifth Amendment violation at the deportation hearing.

## III. DENIAL OF DEFERRED ACTION STATUS BY THE INS DISTRICT DIRECTOR: JURISDICTION OF THIS COURT.

The INS district director denied Wall deferred action status under INS Operations Instruction 103.1(a)(1)(ii). Wall contends that this denial was an abuse of discretion.

■ We have no jurisdiction under 8 U.S.C. § 1105a(a) to review this claim. *Nicholas v. INS,* 9 Cir., 1979, 590 F.2d 802, might seem to indicate otherwise because there this court did review a discretionary denial of deferred action status. In *Nicholas,* however, neither the parties nor this court *sua sponte* addressed the issue of our jurisdiction. *Ghorbani v. INS,* 9 Cir., 1982, 686 F.2d 784, 790 n. 13.

In *Ghorbani,* we held that we have no appellate jurisdiction of discretionary decisions of the district director, except where there has been a full factual hearing or where the issues presented are purely legal. 686 F.2d at 790–91; *accord Shoaee v. INS,* 9 Cir., 1983, 704 F.2d 1079, 1082. (The appropriate district court may provide relief, however, under 8 U.S.C. § 1329, or by habeas corpus. *Ghorbani,* 686 F.2d at 791 n. 16.) We later explained that pendent jurisdiction to review the discretionary decision existed in *Nicholas* because the district director's denial of deferred action underlay the deportation order. *Londono-Gomez v. INS,* 9 Cir., 1983, 699 F.2d 475, 477–78 & n. 4.

Wall argues that, because the INS attorney stated at the deportation hearing on October 2, 1979 that the district director had already denied the deferral request, although written notice of the denial was sent later on February 1, 1980, this court has pendent jurisdiction under *Londono-Gomez.* *Cf. Cheng Fan Kwok v. INS,* 1968, 392 U.S. 206, 216 n. 16, 88 S.Ct. 1970, 1976 n. 16, 20 L.Ed.2d 1037 (leaving open this possibility). Although Wall is correct in pointing out that here, as in *Nicholas,* the deportation proceeding would not have gone forward if the district director had recommended deferred action, Wall is wrong in treating *Londono-Gomez* as setting out a

simple rule based on chronology. *Londono-Gomez* and *Ghorbani* recognize jurisdiction to review discretionary determinations "only when the [district director's] determinations have *underlain* a deportation order." *Londono-Gomez*, 699 F.2d at 478 (emphasis added). This does not mean merely that the district director's denial came first in time or that the Immigration Judge would not have had to determine deportability if there had been a grant of deferred action status, but that the petitioner's objections to the district director's decision were addressed in a factual hearing before the immigration judge (or were purely questions of law). *Ghorbani*, 686 F.2d at 789–90; *see also id.* at 793 (Poole, C.J., concurring specially).

Wall has not shown that the district director's denial underlay the deportation order in the sense required for pendent jurisdiction by *Londono-Gomez* and *Ghorbani*. Thus, this court does not have jurisdiction to review the district director's denial of deferred action status. We do not consider the merits of that claim.

## IV. DENIAL BY THE BOARD OF MOTION TO REOPEN.

Discretionary relief from deportation is available to permanent resident aliens who have accrued "seven consecutive years of lawful, unrelinquished domicile" under 8 U.S.C. § 1182(c). The seven-year period runs from the date when the alien is admitted for permanent residence. *Castillo-Felix v. INS,* 9 Cir., 1979, 601 F.2d 459, 467. Wall argues that he thus became eligible for § 1182(c) relief on January 20, 1983. The Board denied his motion to reopen on the ground that, as a matter of law, his lawful domicile terminated on July 1, 1981, when the Board affirmed the immigration judge's finding of deportability. We should reverse and remand if the Board made an error of law. *See Mawji v. INS,* 9 Cir., 1982, 671 F.2d 342, 343. (This is not a case in which the Board exercised its discretion. *Cf. Batoon v. INS,* 9 Cir., 1983, 707 F.2d 399, 401.)

We have not decided whether "lawful domicile" under 8 U.S.C. § 1182(c) continues pending appeal. Two other circuits, in cases involving nearly identical facts, have come to differing conclusions. *Compare Lok v. INS,* 2 Cir., 1982, 681 F.2d 107, 110 (lawful domicile terminates when the Board affirms a finding of deportability) *with Marti-Xiques v. INS,* 11 Cir., 1983, 713 F.2d 1511, 1516–18 (lawful domicile continues pending discretionary appeal).

We do not need to choose sides, however, because both *Lok* and *Marti-Xiques* involved review of discretionary decisions, while conceding deportability. Direct attacks on deportation orders are readily distinguishable from attacks on denial of discretionary relief not inconsistent with deportation orders. *INS v. Chadha,* 1983, —— U.S. ——, ——, 103 S.Ct. 2764, 2777, 77 L.Ed.2d 317 (distinguishing *Cheng Fan Kwok v. INS,* 1968, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037). *Lok* held that the petitioner could not maintain a lawful domicile while he pursued review of a discretionary order: "Once Tim Lok's order for deportation was not timely challenged on its merits, he resided in the United States ... as a matter of grace, not law." 681 F.2d at 110. Thus, *Lok* relied on the fact that Lok's continued presence in the United States was only because of the possibility of discretionary relief. *Lok* speculated that Lok's lawful domicile ended not, as the Board concluded, when the Board affirmed the deportability finding, but at the time when Lok conceded deportability. *Id.* In contrast, there is an automatic statutory stay of deportation pending review of deportability by a court of appeals. 8 U.S.C. § 1105a(a)(3); *Maldonado-Sandoval v. INS,* 9 Cir., 1975, 518 F.2d 278, 280 n. 3. Because, unlike Lok, Wall had challenged the Board's deportability decision on petition to this court for review, his continued presence in the United States after the administrative adjudication of deportability was a matter of law, not grace.

Under *Marti-Xiques,* lawful domicile continues pending either a petition for review of deportability finding or a petition for review of the denial of discretionary relief. 713 F.2d at 1516–17. *Marti-Xiques* expressly considered and rejected *Lok's* treatment of discretionary appeals. We do not consider whether Wall would be eligible for

§ 1182(c) relief if this case presented only a petition for review of the discretionary denial of deferred action status.

We do not hold that Wall is entitled to relief under § 1182(c); we do hold, in accord with the views of the *Marti-Xiques* court, that he is eligible to be considered for such relief. Wall must still show the Board a reasonable likelihood that the relief sought "would be granted as a matter of discretion," *see Marti-Xiques,* 713 F.2d at 1517. We hold only that Wall became statutorily eligible for § 1182(c) relief when he attained seven years of lawful domicile on January 20, 1983. Accordingly, we remand to the Board for it to determine whether to reopen Wall's case.

In No. 81–7541, the petition for review is denied. In No. 83–7262, the petition is sustained and the matter is remanded.