967 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kampol PHROMVIPHA, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70124.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1992.
Decided June 16, 1992.
 
 Before CANBY, REINHARDT and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 Voluntary Departure
 
 2
 We review a denial of voluntary departure to determine whether the BIA actually exercised its discretion and, if so, whether the BIA exercised its discretion in an arbitrary or capricious manner. Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991).
 
 
 3
 Phromvipha argues that the BIA's decision was arbitrary and capricious because it neglected to take into account all of the factors in favor of granting his motion for voluntary departure. The BIA stated that it took into account "all of the factors of record, including the respondent's marriage and United States citizen child. However, we find that the respondent's 1982 federal conviction for possession with intent to distribute heroin outweighs the positive equities of record." BIA Decision at 5. We require that the BIA support its denial of voluntary departure with a reasoned explanation based on legitimate concerns, Estrada-Posadas, 924 F.2d at 920, in a manner sufficiently clear "to enable us as a reviewing court to see that the Board has heard, considered, and decided." Villanueva-Franco v. INS, 802 F.2d 327, 330 (9th Cir.1986). Accordingly, the BIA must explicitly take account of all relevant factors and state its reasons for denying voluntary departure. See Mattis v. INS, 774 F.2d 965, 968 (9th Cir.1985); Dragon v. INS, 748 F.2d 1304, 1306 (9th Cir.1984). Phromvipha has identified five factors in addition to those mentioned by the BIA that may be of significance to the issue of voluntary departure: (1) Phromvipha's wife is a permanent resident alien; (2) Phromvipha has been married since 1978; (3) his child is ill and breathes through a tube; (4) he has lived and worked in the United States since 1973, and (5) he has four siblings living in the United States. Because the BIA failed to refer to refer to any of these factors in its opinion, we are unable to review adequately the BIA's denial of voluntary departure. We reverse and remand to the BIA for consideration and weighing of all relevant evidence.[1]
 
 Deportation
 
 4
 We review the BIA's conclusion that the INS carried its burden of proving deportability by determining whether the record as a whole contains reasonable, substantial, and probative evidence supporting deportability. Hernandez-Robledo v. INS, 777 F.2d 536, 539 (9th Cir.1985).[2] The INS must have established Phromvipha's deportability with "clear, unequivocal, and convincing evidence." Woodby v. United States, 385 U.S. 276, 286 (1966). At the deportation hearing on October 26, 1987, Phromvipha's attorney stated that Phromvipha "would admit the allegations [and] concede deportability." Transcript of Deportation Hearing at 59. Absent egregious circumstances, Phromvipha is bound by his attorney's concession. Magallanes-Damian v. INS, 783 F.2d 931, 934 (9th Cir.1986). This concession satisfied the INS's burden of proving deportability. Florez-De Solis v. INS, 796 F.2d 330, 333 (9th Cir.1986). The record adequately supports the BIA's decision to deport Phromvipha.
 
 
 5
 Phromvipha also contends that his attorney's concession of deportability at the October 26th hearing constituted ineffective assistance of counsel. The record establishes that Phromvipha's attorney erroneously believed that deportability had earlier been conceded; however, the attorney conceded deportability only after the immigration judge reviewed aloud the record of all earlier proceedings and stated that no finding of deportability had been made and that Phromvipha had previously denied that he was deportable. Id. Simply, Phromvipha's attorney conceded deportability after the immigration judge corrected his misperception. We conclude that counsel's choice to proceed with the concession was a tactical decision that did not constitute assistance "so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." Magallanes-Damian, 783 F.2d at 933.
 
 
 6
 Phromvipha also asserts that the immigration judge demonstrated bias at an earlier deportation hearing when the judge questioned Phromvipha regarding information that had not been elicited by the INS attorney. This claim is meritless. Any prejudice effected by the immigration judge's questioning was vitiated by Phromvipha's subsequent concession of deportability and the BIA's de novo review of the immigration judge's finding. See Cardoza-Fonseca v. INS, 767 F.2d 1448, 1455 (9th Cir.1985), aff'd, 480 U.S. 421 (1987) (BIA undertakes de novo review of immigration judges' determinations). Even if some prejudice remained, the immigration judge acted well within his statutory mandate when questioning Phromvipha on matters relevant to his prospective deportation. See 8 U.S.C. § 1252(b) (authorizing the immigration judge to "interrogate, examine, and cross-examine the alien or witnesses"). We find no constitutional errors in the proceedings that resulted in the BIA's conclusion that Phromvipha is deportable.
 
 Deferred Action Application
 
 7
 We do not have jurisdiction to hear Phromvipha's objections to the INS District Director's handling of his deferred action application. Romeiro De Silva v. Smith, 773 F.2d 1021, 1025 (9th Cir.1985); Wall v. INS, 722 F.2d 1442, 1443 (9th Cir.1984). Further, we cannot exercise pendent jurisdiction over the District Director's actions in the absence of a showing that the handling of the deferred action application "underlay" the deportation order. Wall, 722 F.2d at 1444; Ghorbani v. INS, 686 F.2d 784, 789-90 (9th Cir.1982).
 
 
 8
 PETITION FOR REVIEW GRANTED IN PART, DENIED IN PART, REMANDED TO THE BOARD OF IMMIGRATION APPEALS.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We do not regard Villanueva-Franco v. INS, 802 F.2d 327 (9th Cir.1986), as compelling a different result. The opinion in Villanueva does not identify any significant factors that were raised by petitioner and not referred to by the BIA in its decision. Here, the five factors listed in the text above are of sufficient potential significance that we must know whether and how the BIA dealt with them in order to afford meaningful review
 
 
 [2]
 The government argues that Phromvipha did not exhaust the administrative remedies on this issue because he failed to raise this issue before the BIA. The BIA's decision is sufficiently ambiguous on this point that we elect to consider the merits of the deportation order. See BIA decision at 2 (discussing deportability)