19 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roberto Calzada CENDEJAS, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70430.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 24, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roberto Calzada Cendejas, a native and citizen of Mexico, petitions for review the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration judge's ("IJ") decision finding him deportable and denying his application for a waiver of deportation pursuant to section 212(c) of the Immigration and Nationality Act ("Act"), 8 U.S.C. Sec. 1182(c). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a). We deny the petition for review.
 
 
 3
 On March 19, 1987, the Immigration and Naturalization Service ("INS") issued an order to show cause charging Cendejas with being deportable under section 241(a)(4) of the Act, 8 U.S.C. Sec. 1251(a)(4), as an alien who had been convicted at any time after entry of two crimes involving moral turpitude not arising out of a single scheme of criminal conduct.[1] At a deportation hearing on January 2, 1992, the IJ found Cendejas deportable as charged and denied his request for a section 212(c) waiver of deportation.[2] The BIA affirmed the IJ's decision.
 
 
 4
 A discretionary waiver of deportation pursuant to section 212(c) is granted only where an alien demonstrates statutory eligibility for the relief and where equitable circumstances exist that are sufficient to warrant a waiver of deportability. Matter of Buscemi, Int.Dec. 3058 (BIA 1988). Because Cendejas meets the statutory requirements, the only issue the BIA considered was whether equity required a waiver.
 
 
 5
 "We review the BIA's balancing of the equities for section 212(c) relief for an abuse of discretion." Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991) ( citing, Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987)). "We may set aside the BIA's denial of section 212(c) relief 'only if the Board failed to support its conclusions with a reasoned explanation based upon legitimate concerns.' " Id. (quoting Vargas, 831 F.2d at 908).
 
 
 6
 In deciding whether an alien merits relief under section 212(c), the BIA must "balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of section 212(c) relief appears in the best interest of the country."[3] Matter of Marin, 16 I & N.Dec. 581, 584 (BIA 1978), approved, Ayala-Chavez, 944 F.2d at 641. An applicant seeking 212(c) relief carries the burden of establishing his or her eligibility for discretionary relief. Id. at 583. The BIA requires a showing of unusual and outstanding equities by aliens seeking discretionary relief under section 212(c) if the alien's "record reflects a pattern of serious criminal activity." Ayala-Chavez, 944 F.2d at 641.
 
 
 7
 Here, the BIA considered the adverse factors evidencing Cendejas's "undesirability as a permanent resident," including his multiple convictions,[4] two of which took place after he was placed in deportation proceedings, his long history of drug abuse, and his failure to pay child support. The BIA also considered "the social and humane considerations" presented on Cendejas's behalf such as his long period of residency in the United States, and his family ties which include his parents, wife and two children, and brothers.
 
 
 8
 The BIA concluded that Cendejas's criminal record and his long history of drug addiction outweighed his demonstration of favorable equities. The BIA supported this conclusion with "a reasoned explanation based upon legitimate concerns." See Ayala-Chavez, 944 F.2d at 642. Accordingly, the BIA did not abuse its discretion by affirming the IJ's denial of Cendejas's request for section 212(c) relief. See id.[5]
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cendejas's case was administratively closed on 3/23/90 due to his incarceration for convictions that he sustained after deportation proceedings were instituted against him. It was reopened on April 24, 1991 upon motion of the INS
 
 
 [2]
 In pertinent part, section 1182(c) provides that "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section." 8 U.S.C. Sec. 1182(c). On its face, section 1182(c) applies only in exclusion proceedings, but this court has held that it applies in the deportation context as well. See Tapia-Acuna v. INS, 640 F.2d 223, 224-25 (9th Cir.1981)
 
 
 [3]
 The BIA has set out factors which it will consider in making its equitable determination. Matter of Marin, 16 I & N.Dec. 581, at 584-85. Factors weighing against waiver include: (1) the nature and underlying circumstances of the ground of deportation; (2) the presence of other violations of the nation's immigration laws; (3) the existence of a criminal record; and (4) the presence of other evidence indicative of the applicants bad character or undesirability as a legal permanent resident of the United States. Factors weighing in favor of waiver include: (1) the presence of family ties within the United States; (2) residence of long duration in this country; (3) hardship to the alien and family if deported; (4) history of employment; (5) property or business ties; (6) community service; and (7) when there is a criminal record, genuine rehabilitation. Id
 
 
 [4]
 These included convictions for forgery, theft, resisting arrest, failure to provide child support, and drug use
 
 
 [5]
 Cendejas's contentions of due process violations arising from his deportation hearing lack merit. See Urbina-Mauricio v. INS, 989 F.2d 1085, 1089 n. 7 (9th Cir.1993) (because deportation is a civil action, not a criminal punishment, double jeopardy does not apply); Wall v. INS, 722 F.2d 1442, 1443 (9th Cir.1984) (generally, fifth amendment right to silence does not apply at a deportation hearing). Moreover, to the extent Cendejas seeks a stay of deportation or a detention and bond determination, we lack jurisdiction to consider the issues. See Cheng Fan Kwok v. INS, 392 U.S. 206 (1968) (a denial of a stay of deportation is not a final order of deportation and thus is not directly appealable to the Courts of Appeals); 8 U.S.C. Sec. 1105a(a); 8 C.F.R. Secs. 3.19, 3.38, 242.2(d) (because separate hearings exist for detention and bond determinations, we lack jurisdiction over the issues on direct review from final orders of deportation)