41 F.3d 1513
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nicolas IZAGUIRRE-RAMOS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70222.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1994.*
Decided Nov. 7, 1994.
 
 1
 Before: PREGERSON, WIGGINS, Circuit Judges; and FONG,** District Judge.
 
 
 2
 MEMORANDUM***
 
 INTRODUCTION
 
 3
 Petitioner, Nicolas Izaguirre-Ramos ("Ramos"), petitions for review of a decision by the Board of Immigrations Appeals ("BIA") denying him discretionary relief from deportation pursuant to section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1182(c). We AFFIRM.
 
 BACKGROUND
 
 4
 Petitioner is a 35 year old native and citizen of Mexico. On November 27, 1987, his immigration status was adjusted to that of a lawful temporary resident under INA Sec. 210, 8 U.S.C. Sec. 1160, as a special agricultural worker. Section 210 was part of the Immigration Reform and Control Act of 1986 ("IRCA"), which required the Attorney General to adjust the status of any alien farmworker who could establish 1) that he or she had resided in the United States and performed at least 90 days of qualifying agricultural work during the 12 month period prior to May 1, 1986, and 2) his or her admissibility in the United States as an immigrant. 8 U.S.C. Sec. 1160(a). An alien granted special agricultural worker status would first become a temporary resident and eventually could obtain the status of permanent resident. 8 U.S.C. Sec. 1160(a)(2); see generally McNary v. Haitian Refugee Center, Inc., 498 U.S. 479, 484-86 (1991). Petitioner's status was automatically adjusted pursuant to Sec. 210 to that of lawful permanent resident on December 1, 1990.
 
 
 5
 On November 1, 1991, Ramos was convicted of possession of cocaine in the Superior Court of Sonoma County, California. The Immigration and Naturalization Service ("INS") issued an Order to Show Cause, charging petitioner with deportability under INA Sec. 241(a)(2)(B)(i), 8 U.S.C. Sec. 1251(a)(2)(B)(i), for violating a law relating to a controlled substance.
 
 
 6
 On August 24, 1992, a deportation hearing was held. Petitioner filed an application for a waiver of inadmissibility[1] pursuant to INA Sec. 212(c), 8 U.S.C. Sec. 1182(c),[2] in the event he was found deportable. The immigration judge found Ramos deportable as charged, ineligible for section 212(c) relief, and ineligible for voluntary departure pursuant to INA section 244(e), 8 U.S.C. Sec. 1254(e).
 
 
 7
 The immigration judge noted that Ramos argued that he qualified for section 212(c) relief because he had accumulated seven years of lawful unrelinquished domicile since he had been in this country under color of law at least since 1986 as a specialized agriculture worker. The judge found, however, that based on existing law, Ramos's application for relief from deportation had to be denied. The judge noted that, other than in the Second Circuit, "lawful unrelinquished domicile" pursuant to INA Sec. 212(c) is a term of art which refers to a domicile that is obtained pursuant to admission for lawful permanent residence and that, consequently, an alien does not begin to accrue time toward eligibility for Sec. 212(c) relief until he or she is classified as a lawful permanent resident. The judge found that Ramos did not meet the seven year time requirement following his admission into the United States as lawful permanent resident because he did not become a lawful permanent resident until December 1, 1990; from 1986 to 1990, Ramos was only a temporary resident.
 
 
 8
 Ramos timely appealed the immigration judge's decision to the BIA. On appeal, Ramos did not challenge the deportation order but rather elaborated on his arguments for relief under INA Sec. 212(c). On February 10, 1993, the BIA found Ramos ineligible for relief holding that the immigration judge "adequately and correctly addressed the issues raised" and affirmed the decision "based upon and for the reasons set forth in that decision."
 
 STANDARD OF REVIEW
 
 9
 Issues of statutory interpretation are questions of law to be reviewed de novo. Rodriguez-Rivera v. I.N.S., 848 F.2d 998, 1001 (9th Cir.1988) (per curiam) (citations omitted). In interpreting a statutory provision that has not been explicitly defined by Congress, the courts must respect the consistent interpretation of the agency to which Congress has delegated responsibility for administering the statutory program. I.N.S. v. Cardoza-Fonseca, 480 U.S. 421, 448 (1987) (citing Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843 (1984)); see also Castillo-Felix v. I.N.S., 601 F.2d 459, 465 (9th Cir.1979) (only a clear showing of a contrary congressional intent will justify overruling the agency).
 
 DISCUSSION
 
 10
 In Castillo-Felix, this court interpreted the phrase "lawfully unrelinquished domicile" to mean "lawfully admitted for permanent residence," following the long standing INS practice of granting section 212(c) relief only to aliens domiciled in this country for seven or more years after their admission for permanent residence. Castillo-Felix, 601 F.2d at 463 (following Matter of Anwo, 16 I & N Dec. 293); see also Avila-Murrieta v. I.N.S., 762 F.2d 733 (9th Cir.1985); Wall v. I.N.S., 722 F.2d 1442 (9th Cir.1984).
 
 
 11
 Petitioner does not argue for the evisceration of this rule. Rather, petitioner argues that an exception to this rule is appropriate in the extraordinary and limited case of special agricultural workers who received residency under INA Sec. 210. Petitioner argues that legalization candidates under Sec. 210 were required to meet strict standards (some directly relating to moral character) before their status was adjusted to that of a temporary resident. Under section 210, the alien was required to prove that 1) he had performed agricultural field work during the qualifying period of time (here May 1, 1985 to May 1, 1986), and 2) he had not been convicted of one felony or three misdemeanors. 8 U.S.C. Sec. 1160(a)(3)(b)(ii). Moreover, once afforded the status of a temporary resident, a special agricultural worker's status was automatically adjusted to that of a permanent resident pursuant to the statute. An immigrant whose status was adjusted under the provisions of Sec. 210 was in the United States under color of law as of the date of the IRCA's enactment. These considerations, petitioner argues, warrant a deviation from the Castillo-Felix rule for specialized agricultural workers.[3]
 
 
 12
 Chevron requires this court to affirm the BIA's disposition of petitioner's case. A federal court must defer to consistent and permissible agency statutory interpretations. Chevron, 467 U.S. at 843 (1984) (where Congress has not specifically addressed the issue presented, the question for the court is whether an agency's answer is based on a permissible construction of the statute). Since Sec. 212(c) can be interpreted in several ways, it is up to the INS in the first instance to define or expand the scope of Sec. 212(c) relief. The INS interprets "lawfully unrelinquished domicile" to mean that the alien must have maintained a domicile in the United States for seven consecutive years subsequent to his lawful admission for permanent residency. See Matter of S--, 5 I & N Dec. 116 (BIA 1953). Petitioner's argument was considered and rejected by the BIA in this case based on its longstanding interpretation of the phrase lawfully unrelinquished domicile. Such a consistent and long held interpretation must be deferred to.
 
 
 13
 Accordingly, Ramos is not eligible for relief under INA Sec. 212(c) because he did not commence a period of lawfully unrelinquished domicile until he became a permanent resident on December 1, 1990, less than seven years prior to the cessation of his lawful domicile on August 24, 1992. AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Harold M. Fong, U.S. District Court Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A waiver of inadmissibility provides relief from the exclusionary provisions of section 212(a) and is also referred to as "advanced permission to return to unrelinquished domicile."
 
 
 [2]
 8 U.S.C. Sec. 1182 provides:
 (a) Classes of excludable aliens
 Except as otherwise provided in this chapter, the following describes classes of excludable aliens who are ineligible to receive visas and who shall be excluded from admission into the United States:
 * * *
 (c) Nonapplicability of Subsection (a)
 Aliens lawfully admitted for permanent residency who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section....
 
 
 [3]
 Petitioner argues that legalization candidates under Sec. 210 were required to meet strict standards (some directly relating to moral character) before their status was adjusted to that of a temporary resident. Under section 210, the alien was required to prove that 1) he had performed agricultural field work during the qualifying period of time (here May 1, 1985 to May 1, 1986), and 2) he had not been convicted of one felony or three misdemeanors. 8 U.S.C. Sec. 1160(a)(3)(b)(ii). Moreover, once afforded the status of a temporary resident, a special agricultural worker's status was automatically adjusted to that of a permanent resident pursuant to the statute. An immigrant whose status was adjusted under the provisions of Sec. 210 was in the United States under color of law as of the date of the IRCA's enactment. These considerations, petitioner argues, warrant a deviation from the Castillo-Felix rule for specialized agricultural workers