**Gilberto Anaya GUTIERREZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70003.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 24, 2007.

Suite A, Santa Cruz, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM **

Gilberto Anaya Gutierrez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals affirming without opinion an immigration judge's removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. *Parrilla v. Gonzales*, 414 F.3d 1038, 1040 (9th Cir. 2005). Reviewing de novo, *Altamirano v. Gonzales*, 427 F.3d 586, 591 (9th Cir.2005), we deny the petition for review.

We conclude that the government met its burden of demonstrating that Gutierrez is inadmissible pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II). Gutierrez was convicted of violating California Health and Safety Code § 11351, a provision that describes only controlled substance offenses. Regardless of whether aiding and abetting is covered by the statute, Gutierrez is inadmissible for being convicted of an offense "relating to a controlled substance." *See Luu–Le v. INS*, 224 F.3d 911, 915–16 (9th Cir.2000) ("[W]e have construed the 'relating to' language broadly.... Luu–Le's case does not involve an inchoate crime, and he was convicted of violating a law that, by its own terms, relates to con-

trolled substances."); *see also Londono–Gomez v. INS*, 699 F.2d 475, 477 (9th Cir.1983) (holding that "petitioner's conviction for aiding and abetting the distribution of cocaine is one for violating a law relating to traffic in narcotic drugs"); *cf. Gonzales v. Duenas–Alvarez*, —— U.S. ——, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.