**Saeed FOROUGHI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 93–70718.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 1995.

Decided July 13, 1995.

Peter A. Schey, Center for Human Rights and Constitutional Law, Los Angeles, CA, for petitioner.

David R. McConnell, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, DC, for respondent.

Before: CANBY and NOONAN, Circuit Judges and SAMUEL P. KING,* District Judge.

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

CANBY, Circuit Judge:

Petitioner Saeed Foroughi, an alien under a final order of deportation, seeks review of an order of the Board of Immigration Appeals denying his motion to reopen his deportation proceedings. Foroughi moved to reopen so that the Board could consider his application for discretionary relief under section 212(c) of the Immigration Act, 8 U.S.C. § 1182(c). To qualify for relief under that statute, Foroughi was required to have been a lawful permanent resident of this country for seven years. The Board held him ineligible because it concluded that his permanent residence status had ended, just short of seven years, when he conceded deportability at his deportation hearing and did not contest the finding of deportability on appeal to the Board.

Foroughi's primary contention is that, even though he conceded deportability before the Immigration Judge, his appeal of the Immigration Judge's denial of asylum and withholding of deportation constituted an uninterrupted challenge to the order of deportation during which he accrued credit toward the seven-year requirement of section 212(c). Because he passed the seven-year mark while his administrative appeal was pending, he contends that he became eligible for relief. We conclude that Foroughi is correct.

This case comes to us in an unusual posture. Foroughi, who entered this country lawfully as a visitor, was granted the status of a lawful permanent resident on March 1, 1985, by reason of his marriage to an American citizen. In 1986, Foroughi was convicted of conspiracy to possess cocaine with intent to distribute it. Later that year, the INS initiated deportation proceedings. While his deportation case was pending, Foroughi served a two-year prison term and successfully completed parole supervision in 1988. By all accounts, he achieved a remarkably complete rehabilitation. He received a bachelor's degree in mechanical engineering in 1990. The federal judge who had sentenced Foroughi to prison took the unusual step of writing to the Board of Immigration Appeals, describing Foroughi's "dramatic and constructive adjustment in his personal life" and urging the Board to give serious consideration to granting him relief from deportation.

At his deportation hearing in January 1989, Foroughi admitted deportability because of his conviction, but sought both asylum under section 208(a), and withholding of deportation under section 243(h) of the Immigration Act, 8 U.S.C. §§ 1158(a) and 1253(h). The Immigration Judge denied both forms of relief and Foroughi appealed to the Board. On February 24, 1993, the Board dismissed his appeal, upholding on the merits the Immigration Judge's denial of asylum and withholding of deportation. The Board also noted that no issue had been raised concerning Foroughi's deportability, and found that Foroughi's deportability had been established by clear, unequivocal, and convincing evidence. Foroughi did not petition this court for review of the Board's order, and it thus became final.

On April 15, 1993, Foroughi filed a motion to reopen with the Board, seeking relief under section 212(c) of the Act, 8 U.S.C. § 1182(c). That section, as we have said, authorizes discretionary relief for aliens who have had a lawful unrelinquished domicile of seven years within this country. The Board denied the motion to reopen on the ground that Foroughi did not meet the seven-year eligibility requirement.

The unusual aspect of the Board's decision is that the Board based its ruling on Ninth Circuit law that it viewed as divergent from the Board's own rule concerning the point at which an alien in Foroughi's position ceases to maintain a lawful permanent residence. As the Board stated:

> In *Matter of Lok*, 18 I & N Dec. 101, 105 (BIA 1981), *aff'd, Lok v. INS,* 681 F.2d 107 (2d Cir.1982), the Board held that an alien's lawful permanent resident status terminates "when the Board renders its decision in the case upon appeal or certification or, where no appeal to the Board is taken, when appeal is waived or the time allotted for appeal has expired."

*In re Foroughi,* No. A26 783 176, slip op. at 2–3 (Aug. 3, 1993) (quoting *Lok*). Accordingly, under the Board's usual *Lok* rule, Foroughi's lawful permanent resident status would have terminated on February 24, 1993,

when the Board dismissed Foroughi's appeal. *Id.* at 3, n. 2. That date is more than seven years after the commencement of Foroughi's lawful permanent residence on March 1, 1985.

The Board concluded, however, that under Ninth Circuit law, Foroughi's status as a lawful permanent resident ended on January 12, 1989, when he conceded deportability before the Immigration Judge and the Immigration Judge entered a finding of deportability that Foroughi did not contest on appeal. Although we concede that some of this court's prior statements might be interpreted to lend support to the Board's interpretation of Ninth Circuit law, we conclude that the Board erred.

The key case is *Avila–Murrieta v. INS*, 762 F.2d 733 (9th Cir.1985). To lay a groundwork for discussion of that case, however, we must begin with our earlier case of *Wall v. INS*, 722 F.2d 1442 (9th Cir.1984). In *Wall*, the alien had contested deportability and appealed the adverse decision of the Immigration Judge to the Board. The Board denied relief and Wall petitioned this court for review of the Board's decision. While that petition was pending, Wall filed a motion to reopen with the Board, seeking relief under section 212(c) on the ground that he had reached seven years of lawful permanent residence while his petition was pending in this court. The Board denied relief on the ground that Wall's lawful permanent residence terminated with its order denying Wall's appeal. Wall then petitioned this court for review of the denial of the motion to reopen, and we consolidated the two petitions. In addressing Wall's 212(c) eligibility, we acknowledged that there were inconsistent decisions in other circuits with regard to whether appeals of discretionary relief extended the period of lawful permanent residence. *Id.* at 1444. We stated that it was unnecessary to resolve that question, however, because Wall had contested his deportability all the way to this court. There was accordingly an automatic stay of deportation in effect, 8 U.S.C. § 1105a(a)(3), and thus Wall's "continued presence in the United States after the administrative adjudication of deportability was a matter of law, not grace." *Id.* We did not refer to the fact

that the automatic stay pending judicial review of an order of deportation does not arise until a petition for review is filed. 8 U.S.C. § 1105a(a)(7); *see Saadi v. INS*, 912 F.2d 428, 428 (10th Cir.1990); *Umanzor v. Lambert*, 782 F.2d 1299, 1303 (5th Cir.1986). In any event, we overlooked any gap that may have occurred in the stay between the date of the Board's decision and the filing of the petition for review; the gap, if noticed, was apparently tolerated where the petitioner contested the merits of his deportation order in this court. We did not rule upon the question "whether Wall would be eligible for [section 212(c)] relief if this case presented only a petition for review of the discretionary denial of deferred action status." *Wall*, 722 F.2d at 1444–45.

It was against this background that we decided *Avila–Murrieta*. Avila–Murrieta was a lawful permanent resident who had been found deportable and had appealed that finding to the Board. The Board rejected his appeal and Avila–Murrieta did not then petition for review of the Board's order. Avila–Murrieta subsequently filed a motion to reopen with the Board, seeking section 212(c) relief and reciting that he had fulfilled the seven-year requirement after the Board's rejection of his appeal. The Board denied the motion to reopen, and Avila–Murrieta then petitioned this court for review, more than a year after the Board had rejected his original appeal.

We held that Avila–Murrieta had failed to complete the requisite seven years. The ground upon which we did so is legitimately arguable, but we conclude that the crucial factor is that Avila–Murrieta had, prior to the requisite seven years, interrupted the period during which his residence was "a matter of law, not grace." *Wall*, 722 F.2d at 1444. Of course, there had been an interruption in *Wall*, but it was repaired by a timely petition for review that contested the merits of the deportation order. Avila–Murrieta had neither sought timely review nor contested the merits of his deportation order in this court. Avila–Murrieta's lawful domicile ended, then, as soon as his residence was terminable at the will of the INS.

■ Avila–Murrieta reached that position when his appeal was rejected by the Board and he did not petition for review. He had moved the Board to reopen, but such a motion does not automatically stay deportation. 8 C.F.R. § 3.8; *Berroteran–Melendez v. INS*, 955 F.2d 1251, 1255 (9th Cir.1992). Any stay or forbearance that was granted Avila–Murrieta while he petitioned for review was therefore a matter of grace. It is true that, after his motion to reopen was denied, Avila–Murrieta petitioned this court for review, not only of that denial, but of his deportation order. The interruption, however, was fatal. As we pointed out, we did not need to take sides on the existing conflict [now subsided][1] over whether lawful residence ended with an order to show cause or with the Board's final decision, because:

> Under either, Avila–Murrieta would not have secured the seven years required by section 212(c). At the very least, an alien's lawful domicile for purposes of section 212(c) relief terminates when the alien concedes his deportability and fails to challenge the merits of his deportation order. Although subsequently he may raise a challenge on the merits of that order following a denial of discretionary relief under section 212(c), ... *the automatic stay of 8 U.S.C. § 1105a(a)(3), which was the basis of* Wall's *holding, never comes into play until an appeal is raised.* When an alien concedes his deportability or fails to raise a challenge to an order of deportation, he may no longer be said to harbor a "lawful intent" to remain in this country *even if the INS fails to take immediate steps to expel him beyond our borders.*

*Avila–Murrieta,* 762 F.2d at 736 (emphasis added) (internal citations omitted). While there is some ambiguity in what is meant by a "challenge to an order of deportation," we conclude that, at least for purposes of the administrative appeal to the Board, the italicized language means that the alien loses his lawful permanent resident status when he places himself in a legal posture where the

INS is no longer precluded by law from deporting him.

■ The INS argues, however, that *Avila–Murrieta* contains language to the effect that lawful permanent residence terminates when an alien concedes deportability and then does not, on his appeal to the Board, contest the finding of deportability. Perhaps the language that most favors the INS's view is that quoted above which states that lawful domicile terminates when the alien "fails to challenge *the merits of* his deportation order." *Id.,* at 736.

■ There are two reasons why we reject this interpretation of *Avila–Murrieta.* First, it is inconsistent with the language later in the same passage that states that the alien loses lawful permanent residence "even if the INS fails to take immediate steps to expel him." *Id.* As we have stated, aliens like Foroughi who concede deportability but contest on administrative appeal a denial of either discretionary relief or withholding of deportation by law cannot be deported pending that appeal, 8 C.F.R. § 3.6(a). That stay, unlike the stay of 8 U.S.C. § 1105(a)(3) that applies to judicial review of Board decisions, remains in effect throughout the time for filing an appeal, even though the appeal has not yet been filed. 8 C.F.R. § 3.6(a). Thus when a timely administrative appeal is taken, there has been no period of time during which the INS could be viewed as having failed to take steps to deport the alien.

■ That point leads us to the second, major reason for rejecting the INS's position. When a request for discretionary relief is raised before the Immigration Judge, that judge's ruling on the discretionary relief (and, *a fortiori,* his or her ruling on nondiscretionary withholding of deportation) is encompassed within the ruling on deportation. *Foti v. Immigration and Naturalization Service,* 375 U.S. 217, 232, 84 S.Ct. 306, 315–16, 11 L.Ed.2d 281 (1963). If the Immigration Judge grants the requested relief, no *order* of deportation is entered, notwithstanding the earlier concession of deportabili-

---

1. The Eleventh Circuit, which earlier took the view that lawful permanent residence ended with the INS's issuance of an order to show cause, *Marti–Xiques v. INS,* 741 F.2d 350, 355 (11th Cir.1984), now holds that lawful permanent residence continues to accrue until the Board issues a final decision. *Jaramillo v. INS,* 1 F.3d 1149, 1155 (11th Cir.1993).

ty. Similarly, if the Immigration Judge denies all relief and enters an order of deportation, the alien who desires to challenge the denial of discretionary relief must appeal the *order* of deportation. If the appeal before the Board is successful, the order of deportation is vacated. (All the while, of course, an automatic stay of deportation is in effect. 8 C.F.R. § 3.6(a)). Regardless how this court under *Avila–Murrieta* may treat judicial review when an alien does not contest deportability on the merits, the Board treats the matter as an appeal of the deportation order. Indeed, in Foroughi's case, the Board expressly affirmed the order of deportation itself, as supported by the requisite standard of evidence. Thus, an alien in Foroughi's position, who appeals to the Board either an Immigration Judge's denial of discretionary relief or denial of nondiscretionary withholding of deportation, is raising "a challenge to an order of deportation" within the meaning of *Avila–Murrieta,* 762 F.2d at 736.

This reading of *Avila–Murrieta* harmonizes our rule regarding the termination of lawful resident status in this type of case with that of the Board in *Matter of Lok.*[2] When deportability is conceded, lawful permanent residence is terminated when the Board denies the appeal, or the time for administrative appeal runs out without an appeal having been filed. When an order of deportation is administratively final, it ends the accrual of lawful permanent residence time. In this type of case, where the merits of deportability are not contested, the ending of permanent lawful residence coincides with the ending of an uninterrupted automatic stay of deportation.

■ It is true that, under *Matter of Lok,* the Board would have had another ground of denial of Foroughi's claim of section 212(c) eligibility. The Board in *Lok* took the position (which we at first approved)[3] that, once the lawful permanent residence had ended

(even when it had met the seven-year duration requirement), the alien became ineligible to apply for section 212(c) relief. Our court, however, has recently rejected that position in an en banc decision. *Butros v. INS,* 990 F.2d 1142, 1145 (9th Cir.1993). Foroughi therefore did not lose his eligibility to apply for section 212(c) relief simply because, after he had achieved seven years continuous lawful permanent residence prior to the Board's decision, his status as a lawful permanent resident ended. *Id.*

We reject the contention of the INS that *Butros* supports its position regarding the point at which the seven year period ceases to accrue. Our statement that we have "no quarrel with *Matter of Lok* as it was affirmed and interpreted by the Second Circuit,"[4] *id.* at 1146, must be read with the rest of the same sentence, which makes clear that we had no quarrel with the Second Circuit because "the case before us concern[ed] only the status of a petitioner ... acting under the Board's own regulations and asking for reconsideration or reopening of his case." And, in the very next sentence, we made clear that we were "not deciding when an alien ceases to accumulate credit toward seven years of lawful permanent residence." *Id.*

■ We apply, therefore, the interpretation of *Avila–Murrieta* that we espoused above: the lawful permanent resident status of an alien who concedes deportability continues while that alien pursues an administrative appeal of the denial of discretionary relief embodied in the Immigration Judge's deportation order. If the Board denies relief, the period of lawful domicile ends in such a case. Only where deportation is contested on the merits through a petition for judicial review does the period of lawful dom-

2. Our rule also avoids creating a false incentive to contest and appeal findings of deportability, solely for the purpose of keeping the seven-year clock running.

3. *Gonzales v. INS,* 921 F.2d 236, 238 (9th Cir. 1990), *overruled, .Butros v. INS,* 990 F:2d 1142, 1145 (9th Cir.1993) (en banc).

4. In the later case of *Vargas v. INS,* 938 F.2d 358 (2d Cir.1991), the Second Circuit stated that in

affirming *Lok* it had not expressly approved the Board's view that permanent residence status ended when the deportation order became "administratively final"; instead, the Second Circuit had taken the view that "Lok's status as a permanent resident ended when he failed to appeal the Immigration Judge's finding of deportability." *Id.* at 361.

icile continue during review in this court.[5] *See Wall,* 722 F.2d at 1444. Foroughi conceded deportability, so his status as a lawful permanent resident ended on the day of the Board's decision, February 24, 1993—more than seven years after he acquired that status. Foroughi is therefore eligible to be considered for section 212(c) relief. We therefore grant Foroughi's petition for review, vacate the order of the Board denying Foroughi's motion to reopen, and remand this matter to the Board so that it may consider Foroughi's application for relief.

**PETITION FOR REVIEW GRANTED; VACATED AND REMANDED.**

---

**5.** We do not address the question of the effect of a petition for judicial review contesting the merits of deportability on the ground of commission of an aggravated felony, where the automatic stay is not in effect. *See Arthurs v. INS,* 959 F.2d 142, 143 (9th Cir.1992) (discussing Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub.L. No. 102–232 (Dec. 12, 1991)).