65 F.3d 174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roberto ANDRADE-LOPEZ Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE Respondent.
 No. 94-70165.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Aug. 25, 1995.
 
 1
 Before: CANBY and NOONAN, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Petitioner Roberto Andrade-Lopez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) that denied his motion for discretionary relief under Sec. 212(c) of Immigration and Nationality Act (INA), 8 U.S.C. Sec. 1182(c).
 
 
 4
 The following chronology summarizes the important dates in this case:
 
 
 5
 1972 Petitioner entered the United States.
 
 
 6
 November 4, 1986 Petitioner becomes a lawful permanent resident. He begins accruing time towards 7-year Sec. 212(c) requirement. Castillo-Felix v. INS, 601 F.2d 468, 467 (9th Cir.1979).
 
 
 7
 October 10, 1989 Petitioner convicted of selling heroin.
 
 
 8
 December 3, 1991 INS issues Order to Show Cause.
 
 
 9
 June 29, 1993 Petitioner files for discretionary relief under Sec. 212(c).
 
 
 10
 July 14, 1993[1] Hearing before Immigration Judge. Petitioner admits facts of Order to Show Cause and concedes deportability. IJ denies Sec. 212(c) relief because Petitioner does not have seven years of lawful unrelinquished domicile.
 
 
 11
 July 26, 1993 Appeal to BIA of July 14, 1993 order taken. Petitioner argues that the IJ erred in following Castillo-Felix. He claims he began accruing time before November 4, 1986, and qualified for Sec. 212(c) relief.
 
 
 12
 March 21, 1994 BIA dismisses appeal, affirming IJ's July 26, 1993 order.
 
 
 13
 April 14, 1994 Instant petition for review filed.
 
 
 14
 April 29, 1994 Motion to reopen to seek Sec. 212(c) relief filed with BIA. Petitioner presents additional evidence that he is eligible for Sec. 212(c) relief. This motion is apparently still pending.
 
 
 15
 In his brief, Petitioner argues not that he had seven years of lawful unrelinquished domicile on July 14, 1993. He argued on July 14, 1993 that the IJ should follow the dissent in Castillo-Felix. He made the same argument to the BIA on July 26, 1993. Rather, Petitioner now argues that he accrued seven years on November 4, 1993, during the pendency of the instant petition. This argument was not made to the BIA in the only order now before us. The present petition reviews only the BIA's rulings of March 21, 1994. Petitioner has not raised arguments that were presented to the BIA and ruled on in its March 21, 1994 order. We therefore lack jurisdiction to consider Petitioner's arguments.
 
 
 16
 The BIA apparently has not yet ruled on Petitioner's motion to reopen filed on April 29, 1994. We lack jurisdiction to make any ruling regarding whether Petitioner now has accrued the necessary seven years, as those issues are presently before the BIA.[2]
 
 
 17
 Based on the foregoing, the petition is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Almost four months short of seven years
 
 
 [2]
 The merits of this argument appear to be covered by Foroughi v. INS, --- F.3d ----, 1995 WL 412139 (9th Cir. July 13, 1995)