Helen Gozum DOTY, aka Helen De Guzman Boulsan Doty, aka Helen Bolusan Clemente, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 99–70892.

INS No. A29–612–913.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 2001.

Decided April 3, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny De Cuir's request for oral argument.

Before REINHARDT, WARDLAW, and GOULD Circuit Judges.

MEMORANDUM *

Helen Gozum Doty, aka Helen De Guzman Boulsan Doty, aka Helen Bolusan Clemente ("Doty") petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen. She argues that the BIA abused its discretion in denying her motion to reopen because her former counsel's conflict of interest constituted ineffective assistance. We have jurisdiction pursuant to 8 U.S.C. § 1252(b), and we grant the petition.

"Ineffective assistance of counsel in a deportation proceeding is a denial of due process under the Fifth Amendment if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999) (citing *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir.1985)). To prove a Fifth Amendment due process violation, the alien must show (1) error from the ineffective assistance of counsel, and (2) substantial prejudice. *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (alien "must show error and substantial prejudice"); *Ortiz*, 179 F.3d at 1152 ("Due process challenges to deportation proceedings require a showing of prejudice to succeed.").

To show that her counsel erred in representation, Doty must meet the three requirements set forth in *Matter of Lozada*, 19 I & N Dec. 637, 1988 WL 235454 (BIA 1988): "(1) an affidavit by the

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

alien setting forth the agreement with counsel regarding the alien's representation; (2) evidence that counsel was informed of the allegations and allowed to respond; and (3) an indication that a complaint has been lodged with the bar, or reasons explaining why not." *Lata*, 204 F.3d at 1246. We generally have found that the *Lozada* requirements are reasonable, "and under ordinary circumstances the BIA does not abuse its discretion when it denies a motion to remand or reopen based on alleged ineffective assistance of counsel where the petitioner fails to meet the requirements of *Lozada*." *Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000). However, we have also noted that although the requirements are reasonable, they need not be "rigidly enforced where their purpose is fully served by other means." *Id.* at 526.

■ Doty has met all three *Lozada* requirements. Therefore Doty has shown error from her former attorney's ineffective assistance. First, she has provided an affidavit setting forth her agreement with counsel regarding his representation of her. Second, Doty informed her former counsel of the allegations and gave him an opportunity to respond. Finally, Doty lodged a complaint against her former attorney with the Washington State Bar Association, which the Washington State Bar Office of Disciplinary Counsel recommended to the Review Committee of the Disciplinary Board for a public hearing, following its own investigation and review of counsel's unethical conduct.[1]

■ Furthermore, Doty has demonstrated that her former attorney had a viable conflict of interest that he did not disclose to Doty before or during her representation. Her former attorney represented Eldon Doty, an adverse witness in her deportation proceeding, by writing a letter to the INS Director of Immigration claiming that Eldon Doty should be entitled to full immunity in exchange for full information about the fraudulent marriage between Eldon Doty and petitioner. As the Washington State Bar Association found, this conflict of interest was not "fully disclosed in a timely fashion," sufficient information was not given to petitioner to evaluate the potential conflict, and petitioner never "consent[ed] in writing after consultation."

■ Finally, Doty has proven that her former attorney lacked competence and therefore provided ineffective assistance. There was evidence that her former attorney, after receiving the INS's notice of intent to rescind Doty's permanent residence status, never responded. Although her former attorney scheduled a marriage interview for Doty and her new husband Pudieno Clemente so that Doty could seek a petition for change of status, her former attorney was late to the interview, which Doty never obtained.

Doty has also demonstrated prejudice. "In order to show prejudice, [the petitioner] only needs to show that he has plausible grounds for relief." *United States v. Jimenez-Marmolejo*, 104 F.3d 1083, 1086 (9th Cir.1996); *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.2000) ("Mr. Arrieta does not have to show that he actually would have been granted relief. Instead, he must only show that he had a 'plausible' ground for relief from deportation." (citation omitted)); *Lata*, 204 F.3d at 1246 ("A showing of prejudice is essentially a demonstration that the alleged violation affected the outcome of the proceedings.").

■ Here, because of her former attorney's conduct, Doty was never given

---

1. On November 30, 2000, the Washington State Bar Association suspended Doty's former attorney's license for two years. Further disciplinary proceedings are pending.

any opportunity at all to present her case, to testify, or to explain counsel's concession of deportability made on her behalf. Although "[p]etitioners are generally bound by the conduct of their attorneys," when there are "egregious circumstances" petitioners cannot be bound by their attorney's actions. *See Magallanes–Damian v. INS,* 783 F.2d 931, 934 (9th Cir.1986). Because her former attorney's conflict of interest constituted an egregious circumstance, Doty's concession of deportability cannot be given any weight.

In fact, the only concession of deportability attributable to Doty was made by her attorney, before his conflict of interest was exposed, at the second deportation hearing on February 18, 1998. *See Manning v. Foster,* 224 F.3d 1129, 1134–35 (9th Cir.2000) (holding that an attorney's actions could not be attributed to the petitioner, because they operated to bar him from seeking relief, and thus were tainted by a conflict of interest). Before her former attorney's conflict of interest was revealed to the Immigration Judge, Doty had actually denied deportability, on April 30, 1997, at the first deportation hearing.

 Absent the concession of deportability, Doty had a plausible ground for relief based on her claim that she was coerced into participating in the sham marriage and was thus entitled to remain in the United States. *See* 8 U.S.C. § 1255(a) (now amended) (an alien is entitled to adjustment of status and an immigrant visa so long as the alien has not entered into a marriage for the purposes of evading immigration laws); *see also Foroughi v. INS,* 60 F.3d 570, 575 (9th Cir.1995) (stating that "[w]hen deportability is conceded, lawful permanent residence

is terminated"). Furthermore, the actions of her counsel precluded Doty from presenting an affidavit of a former Police Sergeant and friend of Eldon Doty, Robert L. Woolverton, in which he testified that in his "expert professional opinion, [petitioner] acted under duress and with undue influence, and therefore, [was] not culpable, nor should be deported for the sham marriage." This constitutes prejudice, and the BIA abused its discretion by failing to reopen the proceedings.

PETITION GRANTED.