**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Angel GARCIA, Defendant–Appellant.**

No. 01–10710.

D.C. No. CR 00–00695–ROS.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2002.[1]

Decided Sept. 30, 2002.

Before KOZINSKI and KLEINFELD, Circuit Judges, and KARLTON, District Judge.[2]

MEMORANDUM [3]

Appellant was convicted of re-entry into the United States after deportation in vio-

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. The Honorable Lawrence K. Karlton, Senior United States District Judge for the East-ern District of California, sitting by designation.

3. This disposition is not appropriate for publication and may not be cited to or by the

lation of 8 U.S.C. § 1326(a), as enhanced by § 1326(b)(2). Prior to trial, he brought a "Motion for Acquittal," which was denied.

 Appellant appeals the denial of his motion for acquittal, arguing, as an initial matter, that he was entitled to re-enter the country based on his status as a Legal Permanent Resident (LPR). As this court recently made clear, however, an alien's LPR status terminates upon the entry of a final deportation order. *See United States v. Reyna–Tapia*, 294 F.3d 1192, 1196–97 (2002).

 In the alternative, appellant contends that the trial court should have sustained his collateral attack on the order of deportation, arguing that the underlying deportation proceedings did not comport with due process. Appellant first argues that his deportation proceedings were constitutionally defective because he was not given notice that his LPR status was in jeopardy. As this court recently observed, however, the notice of deportation given to appellant "should have put [him] on notice that his 'privilege of residing permanently in the United States as an immigrant,' in other words his LPR status, was at risk." *Id.* at 1197 (quoting 8 U.S.C. § 1101(a)(20)).

 Appellant next contends that he was not given adequate notice of the possibility of a discretionary waiver of deportation under section 212(c) of the INA, 8 U.S.C. § 1182(c), *repealed by* Pub.L. 104–208 Div. C, Title III, § 304(b), 110 Stat. 3009–597 (1996). It is well-established that, where the record before the immigration judge "raises a reasonable possibility of relief from deportation ... it is a denial of due process to fail to inform an alien of that possibility at the deportation hearing." *United States v. Muro–Inclan*, 249

F.3d 1180, 1184 (9th Cir.2001)(internal quotation marks omitted). Here, however, there was no reasonable possibility that appellant could receive relief under section 212(c) of the INA because petitioner could not meet the seven-year residency requirement. Even assuming that the immigration judge could have foreseen *Ortega de Robles v. INS*, 58 F.3d 1355, 1359 (9th Cir.1995), and *Foroughi v. INS*, 60 F.3d 570, 575–76 (9th Cir.1995), at the time of appellant's 1994 deportation hearing, under those cases appellant would have been two months short of eligibility for section 212(c) waiver when his BIA appeal was finally dismissed.

AFFIRMED.

courts of this circuit except as provided by 9th Cir. R. 36–3.