**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

SEP 07 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABEL ALFONSO MACHUCA-SEGURA,<br><br>           Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Attorney General,**<br><br>           Respondent. | No. 07-73629<br><br>Agency No. A91-526-203<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 2, 2010***
Pasadena, California

Before: O'SCANNLAIN, GOULD and IKUTA, Circuit Judges.

The Board of Immigration Appeals ("BIA") did not err in rejecting

Machuca-Segura's collateral attack on his 1992 deportation order. Applying the

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **      Eric H. Holder is substituted for his predecessor Michael B. Mukasey as United States Attorney General. Fed. R. App. P. 43(c)(2).

      ***      The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

law in effect as of the 1992 deportation hearing, *see Matter of Malone*, 11 I. & N. Dec. 730, 731–32 (BIA 1966); *see generally Hernandez-Almanza v. INS*, 547 F.2d 100, 102–03 (9th Cir. 1976), an Immigration Judge ("IJ") had a duty to inform an alien of relief for which he was eligible based on information in the record, *see* 8 C.F.R. § 242.17(a) (1992).  The IJ had no duty, however, to inform Machuca-Segura of his eligibility for relief as a lawful permanent resident, because Machuca-Segura deliberately concealed his identity and facts relevant to that status.  *See, e.g.*, *Moran-Enriquez v. INS*, 884 F.2d 420, 422 (9th Cir. 1989).  Machuca-Segura has also failed to establish that his statutory right to counsel was violated at the 1992 deportation hearing, *see Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1439 (9th Cir. 1986), or that the unavailability of a transcript from the hearing resulted in prejudice, *see Silva v. Carter*, 326 F.2d 315, 322 (9th Cir. 1963).  Accordingly, the IJ's issuance of the 1992 deportation order was not a gross miscarriage of justice.  *Ramirez-Juarez v. INS*, 633 F.2d 174, 175–76 (9th Cir. 1980) (per curiam).

We also reject Machuca-Segura's claim that his due process rights were violated in the 2005 and 2007 removal proceedings.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).  Machuca-Segura concedes that the IJ recused himself upon learning that he had been the trial attorney in the 1992 proceeding.

2

Moreover, Machuca-Segura has not identified any information in the missing transcripts for the 2005 and 2007 hearings that would have altered the outcome of his case. *United States v. Medina*, 236 F.3d 1028, 1032 (9th Cir. 2001).

Because the 1992 deportation order did not result from a gross miscarriage of justice, it retains its validity and effectively terminated Machuca-Segura's status as a lawful permanent resident. *See* 8 U.S.C. § 1101(a)(20) (1988); *see also* 8 C.F.R. § 1001.1(p); *Foroughi v. INS*, 60 F.3d 570, 575 (9th Cir. 1995). He is therefore ineligible for cancellation of removal under 8 U.S.C. § 1229b(a) or waiver of inadmissibility under 8 U.S.C. § 1182(c) (1994), both of which expressly apply only to lawful permanent residents.

**PETITION DENIED**.