**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS GALVAN-AVILA, AKA Jose Luis Galvan, | No. 13-56205, 16-56201 |
| Petitioner-Appellant, | D.C. Nos. 2:13-cv-00644-R 2:11-cr-01109-R-1 |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

| | |
|---|---|
| JOSE LUIS GALVAN-AVILA, AKA Fernando Avila, | No. 13-73817 |
| Petitioner, | Agency No. A092-121-306 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted October 3, 2017
Pasadena, California

Before: MOTZ,<sup>**</sup> M. SMITH, and NGUYEN, Circuit Judges.

In these consolidated appeals, Jose Luis Galvan-Avila, a citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal of the immigration judge's ("IJ") denial of withholding of removal and relief under the Convention Against Torture ("CAT"); appeals from the district court's dismissal of his 28 U.S.C. § 2241 habeas petition for lack of jurisdiction; and appeals from the district court's denial of his motion for leave to amend his § 2241 petition to a § 2255 habeas petition. We have jurisdiction over the petition for review of the BIA's decision under 8 U.S.C. § 1252, and over the appeals from the district court's orders under 28 U.S.C. §§ 1291 and 2241.

1. We begin by addressing Galvan-Avila's contentions in Case No. 13-73817, his petition for review of the BIA's decision.

In evaluating Galvan-Avila's withholding claim, the BIA inquired whether Galvan-Avila's family membership was "one central reason" for the harm he suffered. After the BIA issued its decision, however, this court held that applicants for withholding of removal need only prove that a protected ground is "a reason"

---

    <sup>**</sup>    The Honorable Diana Gribbon Motz, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

for the past or feared future persecution — "a less demanding standard than 'one central reason.'" *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)). Accordingly, we grant the petition as to Galvan-Avila's withholding claim and remand for the BIA to apply the correct legal standard.

Substantial evidence supports the denial of Galvan-Avila's application for CAT relief. Galvan-Avila had the burden of proving that if he were removed to Mexico, he would "more likely than not" suffer torture "inflicted by . . . or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. §§ 208.16(c)(2), 208.18(a)(1); *see Madrigal v. Holder*, 716 F.3d 499, 508 (9th Cir. 2013). Galvan-Avila testified that in 1994, two men attempted to kidnap him in Tijuana. Although Galvan-Avila claimed that these kidnappers may have been federal officers, he failed to present evidence to support this theory. Thus, Galvan-Avila failed to meet his burden of showing that he would suffer torture inflicted by or with the acquiescence of a public official. We therefore deny the petition as to Galvan-Avila's claim for CAT relief.

Galvan-Avila also challenges the IJ's denial of his motion to reopen his 1994 deportation order. But he is foreclosed from collaterally attacking his prior order in reinstatement proceedings. *See Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 491 (9th Cir. 2007). Nor was the IJ required to grant him a continuance to

pursue a properly-filed motion to reopen. *See* 8 C.F.R. § 1003.28.

2. In Case No. 13-56205, Galvan-Avila appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. We review de novo. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). Section 106 of the REAL ID Act provides that district courts lack habeas jurisdiction over removal orders. *See* 8 U.S.C. § 1252(a)(5); *Singh v. Holder*, 638 F.3d 1196, 1210–11 (9th Cir. 2011). Galvan-Avila's § 2241 petition attacks his 1994 deportation order, contending that his "1994 deportation was illegal" because he was "deported in spite of lawful status and [being] eligible for relief." Although his petition also asks the court to "dismiss the October 2011 . . . conviction" for "illegal reentry [in] violation of 8 U.S.C. 1326(a)," that claim too rests on the argument that his 1994 deportation order was invalid. Because the claims raised in Galvan-Avila's habeas petition are "wholly intertwined with the merits of his [1994] removal order," *Singh*, 638 F.3d at 1211, the district court correctly determined that it lacked jurisdiction.

3. In Case No. 16-56201, Galvan-Avila appeals the district court's denial of his motion for leave to amend his § 2241 habeas petition to a § 2255 petition. We review for abuse of discretion. *Walker v. Beard*, 789 F.3d 1125, 1131 (9th Cir. 2015). Galvan-Avila's proposed amendment would be futile because it fails on the merits, and we therefore affirm the district court. *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("We consider four factors

4

when reviewing a decision whether to permit an amendment . . . [including] futility of the proposed amendment.").

Galvan-Avila argues that he should be granted leave to amend so that he may challenge his conviction on ineffective assistance of counsel grounds. But Galvan-Avila's argument is squarely foreclosed by this court's decision in *United States v. Lopez-Velasquez*, 629 F.3d 894 (9th Cir. 2010) (en banc). In *Lopez-Velasquez*, we held that an IJ was not required to inform a respondent "of relief for which he was not then eligible and for which he would become eligible only with a change in law *and* the passage of" additional time. *Id.* at 901. This was precisely the case at Galvan-Avila's 1994 deportation hearing. Galvan-Avila was "ineligible for [§ 212(c)] relief, as a matter of law, at the time of the hearing" because he had not yet accrued seven years of lawful domicile. *Id.* at 898.

Galvan-Avila argues that he should have received the benefit of two later-decided cases that would have allowed him to accrue lawful domicile while a temporary resident and while appealing his case. *See Ortega de Robles v. INS*, 58 F.3d 1355 (9th Cir. 1995); *Foroughi v. INS*, 60 F.3d 570 (9th Cir. 1995). But we rejected that precise approach in *Lopez-Velasquez*. *See* 629 F.3d at 879–99. The IJ was "not required to advise [Galvan-Avila] of possible relief when there [was] no factual basis for relief in the record." *See id.* at 900. Thus, Galvan-Avila did not receive ineffective assistance from his public defender about the possibility

5

of collaterally attacking his prior deportation. He cannot prevail on the merits of his ineffective assistance of counsel claim, and amending his habeas petition would be futile. The district court therefore did not err in denying him leave to amend.

4. We deny Galvan-Avila's motion to supplement the record on appeal (No. 13-56205 Dkt. No. 53). Federal Rule of Appellate Procedure 10(e) permits supplementing the record when evidence "is omitted from or misstated in the record by error or accident." But "Rule 10(e) cannot be used to add or to enlarge the record on appeal to include material which was not before the district court." *United States v. Walker*, 601 F.3d 1051, 1054 (9th Cir. 1979). Galvan-Avila does not contend that the documents he seeks to add to the record were before the district court, nor that they were omitted from the record by error or accident. Therefore, we deny Galvan-Avila's motion to supplement the appellate record and grant the Government's motion to strike the portions of his brief referencing this evidence (No. 13-56205 Dkt. No. 55).

Each party shall bear its own costs.

\* \* \*

**13-73817**: **PETITION GRANTED IN PART**, **DENIED IN PART, AND REMANDED**.

**13-56205: AFFIRMED.**

**16-56201: AFFIRMED.**

6